Audulph *vs.* Josey.

---

JOHN AUDULPH, plaintiff in error, *vs.* J. W. JOSEY, administrator, defendant in error.

(BY TWO JUDGES.) When a motion was made to set aside a verdict on the ground that the defendant—the loosing party—was prevented from attending the trial by serious sickness:

*Held*, That in such a case it is not necessary to file a brief of the testimony given at the trial, and it may be error in the Court to refuse the motion for that reason. 20th February, 1872.

Practice. New trial. Before Judge CLARK. Webster Superior Court. March Term, 1871.

In 1848 Josey, as administrator of Henry Audulph, filed a bill for account and settlement against John Audulph and one Rogers. They answered, denying the allegations. In March, 1871, a decree was taken against John Audulph.

Next day he appeared, showed that he had been kept away from the Court by his illness, and said he had a good defense to the action, and moved to set said judgment aside. He excused himself for not filing a brief of the evidence because he was absent, and his attorney having died since the answer was filed, he did not know what the evidence was. When his attorney died did not appear.

The Court superseded the judgment and ordered the complainant to show cause at the next term why the judgment should not be set aside. When the cause came up for hearing, the Court dismissed the motion because no brief of the evidence was filed. This is assigned as error.

C. T. Goode; C. B. Wooten, for plaintiff in error.

B. S. Worrill, by W. A. Hawkins, for defendant. As to new trials: 49th Common Law Rule; 4 Ga. R., 101; 5th, 399; 7th, 436; 23d, 493; 15th, 103.

McCay, Judge.

If the facts, stated by the movant, justified the granting of the motion, we do not think it ought to be refused because he has not filed a brief of the testimony given in at the trial. In the first place, he was not there to hear it, and the very foundation of his motion is that he was prevented from being there by providential cause. This is not strictly a motion for a new trial. No error is complained of in either the Court or the jury. It is rather in the nature of a motion to set aside the judgment, for the reason that, for the reasons stated, the defendant could not be present to put in his defense. The evidence, as given in, sheds no light at all upon the propriety of the motion. The case stands upon the footing of a judgment against a dead man, or a judgment obtained by fraud. It is an accident. And if the Court is satisfied, from the evidence before it, that this accident did occur, and that the defendant's case has been passed upon to

his injury, when he was providentially absent, we do not think the rule of Court requiring him, on motions for new trial, to file a brief of the testimony, is applicable to the case.

We do not pass upon the merits of the motion, as that question has not been decided by the Judge, though we incline to think the motion ought to be granted.

Judgment reversed.