## MALONE vs. THE STATE OF GEORGIA.

1. The verdict of guilty of assault with intent to murder was sustained by the evidence in this case.
2. There was no error in charging, "It is the duty of the court, however, to direct you as to a part of the case, viz. the law," or in failing to qualify this by adding that, in criminal cases, the jury were judges of both the law and the facts.
(a.) If counsel desired a modification of the charge, it should have been requested in writing.
3. If malice is in the mind of the slayer at the moment the killing is done, and it moves him to do the killing, such killing constitutes the crime of murder.
4. There was no error in charging that, if the defendant stabbed the prosecutor after he was assaulted, or was moved to act, not by malice, but by a sudden and violent impulse of passion, excited by either of the ways mentioned in §4324 of the code, or by equivalent circumstances, then the case would be reduced to voluntary manslaughter. Such a charge was favorable to the defendant.
(a.) There was no error in charging that, under an indictment for

assault with intent to murder, the defendant might be convicted of stabbing, or assault and battery, if the evidence warranted it.

5. The admission of the confessions excepted to in the 7th and 8th grounds of the motion for a new trial, even if extorted by fear or hope, did not amount to enough force to require a new trial, as, without them, the verdict was demanded by the evidence. Nor was there error in failing to charge upon their force, no request to do so, written or verbal, being made.

6. While the loss of an arm and injury to the other hand might justify a stabbing in self-defence, or mitigate the offence, yet there was no error in refusing to charge that "it would be lawful and reasonable for him (the defendant) to use a pocket-knife, if, at the time, he believed it necessary to use said knife to protect his person," without stating that any facts or reasons for the belief must appear, or that the facts must show that a reasonable man might believe that it was necessary to use the knife.

7. An indictment for assault with intent to murder, which charged that the defendant, with a knife, a weapon likely to produce death, "did, unlawfully and with malice aforethought, assault, beat, cut and stab" the prosecutor, with intent to kill him, was sufficient, and was not objectionable either on the ground that two offences were charged, or that it was not distinctly specified what use was made of the knife.

October 26, 1886.

Criminal Law. Murder. Malice. Before Judge MAR-SHALL J. CLARKE. Fulton Superior Court. March Term, 1886.

William Malone was indicted for assault with intent to murder. It was charged that the defendant, " with force and arms and a knife, being a weapon likely to produce death, did, unlawfully and with malice aforethought, assault, beat, cut and stab one J. M. England, with intent then and there to kill and murder him, the said J. M. England." He was found guilty, and moved for a new trial on substantially the following grounds :

(1)–(2.) Because the verdict was contrary to law and evidence.

(3.) Because the court charged the jury that " it is the duty of the court, however, to direct you as to a part of

the case, viz. the law," and failed to add that in criminal cases the jury are judges of both the law and the evidence.

(4.) Because the court charged that if malice is in the mind of the slayer at the moment the killing is done, and it moves him to do the killing, such killing constitutes the crime of murder.

(5.) Because the court charged as follows: "If the defendant, Malone, made an assault upon England, and he was moved to do it, not by malice, but by a sudden and violent impulse of passion, and that impulse of passion was excited in any one of the ways mentioned in this section, or by equivalent circumstances, then, if England had died, the crime of voluntary manslaughter would have been committed, and not the crime of murder."

(6.) Because the court charged as follows: "Under this indictment, he could be convicted, if the evidence showed it, of two other offences, stabbing and assault and battery."

(7.) Because the court admitted testimony as to confessions of defendant. The witness stated that sometime after the difficulty, he was standing on the street-corner with England; that Malone came over and asked if that was England, and on being answered that it was, proposed to shake hands with him, which England declined; and that Malone stated that he desired to beg England's pardon, and knew he had acted with rashness and wrongly.

(8.) Because the court failed to charge as to the weight, character and force of the confessions.

(9.) Because the court refused to charge as follows: "I charge you that if you believe Malone was one-armed, deprived of his natural weapons of offence and defence, it would be lawful and reasonable for him to use a pocket-knife in defence of his person, if, at the time, he believed it necessary to use said knife to protect his person."

(10.) Because the court overruled a demurrer to the indictment on the grounds that it did not allege specifically what use was made of the knife, and that it joined two offences in one count.

v 77—49

The motion was overruled, and the defendant excepted.

JAS. MAYSON; WM. P. HILL, for plaintiff in error.

C. D. HILL, solicitor-general, for the State.

JACKSON, Chief Justice.

The defendant in the court below was convicted of the offence of an assault with intent to murder, and on being denied a new trial, excepted and assigned error thereon.

1. The first and second grounds are that the verdict is contrary to evidence, law and justice. We think not. He struck England with a knife near the jugular vein in the throat, and lacked but a trifle of sufficient depth in the cut made by the blade to sever arteries or veins that would have produced death. This was done with a knife, proved by a physician to be a weapon likely to produce death when aimed at this part of the body; therefore he made a stroke with a weapon likely to produce death with intent to kill. Was there malice in the stroke at the neck of England under the facts proved? There was no assault upon the defendant, nor was there anything equivalent to assault. Defendant was coming out of a restaurant with two lewd women; England, with two other men, was about to go into the restaurant, being on the way to it; some remark was made by one of the three men displeasing to the defendant in the presence of the two women of the town, when he recognized England, and saying, " I know you, Coot England," and repeating something of the same sort again, advanced upon England and cut his neck, making the dangerous wound and coming within a fraction of an inch of taking his life. In our judgment of the law regulating murder and defining it and an attempt at it, the facts proved by the State, and which the jury believed and were authorized to believe, make a case of assault with intent to murder.

2. It is not an open question with us that the law in

criminal cases goes to the jury from the bench, just as facts go to that body from the witnesses; therefore the court did not err, after saying that "it is the duty of the court, however, to direct you as to a part of the case, viz. the law," "in failing to qualify the same by adding that, in criminal cases, the jury were judges of both the law and the facts," as is assigned as error in the 3d ground of the motion.   To have so qualified the charge would have been to give the same power to the jury over law as it has over facts.   If the counsel desired a modification, it should have been requested in writing, and if it had been law, doubtless it would have been given.   28 *Ga.* 218–19.

3.  " If malice is in the mind of the slayer at the moment the killing is done, and it moves him to do the killing, such killing constitutes the crime of murder," is a felicitous expression of the malice which law applies to the fact of bloodshed.   That it moves him at the time of the killing necessarily involves the idea that he had the malice before; and a moment before is long enough aforethought to make the crime of murder; and therefore the 4th ground is gone.    28  *Ga.* 218–19;  11 *Id.* 615;  26 *Id.* 424;  29 *Id.* 470.

4.  Surely counsel were not serious in excepting to the charges, that if the defendant stabbed England after he was assaulted, or moved to act, not by malice, but by a sudden and violent impulse of passion excited by either of the ways mentioned in the 4324th section of the code, or by equivalent circumstances, then the case would be reduced to voluntary manslaughter; and also " that under this indictment, he could be convicted, if the evidence showed it, of two other offences, stabbing and assault and battery."   As he was convicted of assault with intent to murder, the last charge excepted to in the 6th ground did not hurt him, and assuredly the other, contained in the 5th ground, was favorable to him.

5.  The admissions of the confessions excepted to in the 7th ground, even if extorted by fear or hope, did not

amount to enough force to require a new trial, as without them the verdict was demanded by the evidence, and there was certainly no error in failing to charge upon their force, no request, written or verbal, being made to do so.

6. Whilst the loss of an arm and injury to the other hand might justify or mitigate the offence of a stabbing in self-defence, yet we cannot hold it error to decline to charge "that it would be lawful and reasonable for him to use a pocket-knife if, at the time, he believed it necessary to use said knife to protect his person;" it not being stated what facts or reasons appeared, or what facts must show the jury that a reasonable man might believe that it was necessary to use the knife, and not leave it to the defendant to determine the necessity without something in the way of reason and sense to justify his determination.

7. The indictment is good. It is charged that with the knife, a weapon likely to produce death, the stabbing was done with intent to kill and murder. We see no error, either in the exception that two offences are charged therein, or that the specification is not distinct what use was made of the knife. It is specifically alleged that " with a knife, being a weapon likely to produce death, he did unlawfully and with malice aforethought, assault, beat, cut and stab one J. M. England, with intent then and there to kill and murder him, the said J. M. England. . . ." It appears abundantly clear enough for the jury to understand the charge and issue on trial, and that is enough.

Judgment affirmed.