CLAY *v.* HOUK.

SIMMONS, C. J.   Inasmuch as under the act of the General Assembly approved December 13, 1893, establishing a "city court" for the county of DeKalb (Acts 1893, p. 373), there is no provision locating the court within the limits of an incorporated city, such court is not a "city court" within the meaning of that term as employed in article 6, section 2, paragraph 5, of the constitution (Code, § 5133); and therefore a writ of error does not lie from the judgment of that court.   See *Western Union Telegraph Co.* v. *Jackson*, 98 *Ga.* 207.   *Writ of error dismissed.   All the Justices concurring.*

Argued January 21, — Decided March 5, 1897.

Motion to dismiss writ of error.

*W. W. Braswell*, for plaintiff in error.
*Daley & Hall*, contra.

---

HIGHTOWER *v.* GEORGE *et al.*

ATKINSON, J.   1. Where in term time an order is passed directing that a motion for new trial then pending be heard and determined at a day named in vacation, and time is given by the presiding judge until that date within which to perfect the brief of evidence, and have the same approved, and where upon the day thus named a brief of evidence is presented to and approved by the judge, and he thereupon orders the same filed, a motion made at the hearing to dismiss the motion for a new trial, upon the ground that no brief of evidence has been filed as required by law, is properly overruled.

2. This being a writ of error from the grant of a first new trial, and there being a conflict of evidence, the discretion of the trial judge will not be controlled.          *Judgment affirmed.   All the Justices concurring.*

Argued January 21, — Decided March 5, 1897.

Motion for new trial.   Before Judge Candler.   DeKalb superior court.   February term, 1896.

*Albert & Hughes*, for plaintiff.   *J. N. Glenn, Candler & Thomson* and *J. A. Wimpy*, for defendants.