## CENTRAL OF GEORGIA RAILWAY CO. *v.* DORSEY.

1. It is too late after a motion for a new trial has, without objection to the brief of evidence, been heard and determined upon its merits, to raise the question that the brief was not duly filed.

2. While it is the duty of a conductor to ascertain before reaching a flag-station whether or not there is on board a passenger ticketed thereto, there is a corresponding duty upon the passenger who has purchased a ticket to such a station, upon discovering that he has been overlooked by the conductor, to call the latter's attention to the fact and surrender the ticket, in order that the conductor may know the passenger's destination and have the train stopped for him to alight. The failure of a passenger to observe this duty is material in determining whether or not, in a given instance, carrying the passenger beyond his station was wholly attributable to the negligence of the railway company, or whether the passenger by exercising the proper diligence could have avoided being carried beyond such station.

3. In the trial of a case to which, under the evidence introduced by the defendant, the rule above stated is applicable, it was erroneous to charge the jury, without explanation or qualification : "You must determine from the evidence whether by the exercise of extraordinary diligence the conductor could, on the occasion alleged, have ascertained the destination" of the passenger. The failure of the court to instruct the jury concerning the duty of the passenger under such circumstances is all the more objectionable when it clearly appears that the latter was perfectly familiar with the situation and must have known the train would run beyond the flag-station unless the conductor was notified to have it stopped.

Argued February 10, — Decided March 17, 1899.

Action for damages. Before Judge Beck. Henry superior court. January 20, 1898.

*Hall & Boynton* and *Walter C. Beeks*, for plaintiff in error.
*W. T. Dicken, G. W. Bryan, L. R. Ray* and *E. J. Reagan*, contra.

SIMMONS, C. J. 1. There was a motion to dismiss this case upon the ground that the brief of evidence used at the hearing of the motion for new trial had not been duly filed. This question is sufficiently dealt with in the headnote.

2. Mrs. Dorsey purchased a ticket over the defendant company's line of railway from East Point, Ga., to Lovejoy, Ga., the latter being a flag-station at which the train stopped only when it had a passenger to put off or when it was signaled to stop to take on a passenger. She boarded the train, and claims

in her evidence that she had no opportunity to deliver her ticket to the conductor until after she had passed her point of destination. She testified that the conductor passed through the car in which she was seated once only between the t o points, and then came from the rear of where she was sitting and passed on towards the front. She was carried beyond Lovejoy to the next station, where she alighted and was compelled to walk from one half to three quarters of a mile, according to her testimony, to the house of a friend where she spent the night. On the way she heard some negroes talking, and they followed her nearly to the house of her friend. She was much alarmed, became nervous, and by reason of the walk and the fright her health was impaired. The evidence tended to show the plaintiff knew that Lovejoy was a flag-station only, had traveled frequently over this road for four or five years, and was well acquainted with the surroundings; that the conductor did fail to take up plaintiff's ticket, because as he passed her, several times during the trip, she had her face turned toward the window or was talking to some other ladies, and inasmuch as she did not board the train at the end of the car where he stood to receive passengers but at the other end, he did not know that she was a passenger whose ticket had not been inspected, and for that reason did not stop at Lovejoy. Other witnesses, who were passengers on the train and in that car, testified that the conductor passed through the car several times before the train reached Lovejoy. Under the charge of the court, the jury returned a verdict for the plaintiff. Defendant made a motion for a new trial, which was overruled by the court, and to this ruling the defendant excepted.

We think it is the duty of the conductor of a passenger-train, when the company has sold tickets to passengers, to go through the train and ascertain the stations at which the passengers wish to alight, but we also think that in a case like the present there is a corresponding duty upon the part of a passenger, when he sees that the conductor has failed to call for and take up his ticket and is ignorant of his presence on the train and of his destination, to notify the conductor of his presence and of his destination, especially where the ride is a short

one and the passenger knows that the train will not stop at his station unless the conductor has notice that there is on board a passenger for that station. A passenger or any other person can not sit still when he sees he is about to be injured, make no attempt to avoid the injury, and rely upon recovering damages for the injury. Under the law, he must exercise reasonable and ordinary care either to prevent the injury or, after the injury has been inflicted, to abate the damages. Here the passenger wished to leave the train at a station about fifteen miles from her starting-point; the conductor failed to take up her ticket or to notice her presence; and she must have known that in a very short time her destination would be reached. There is evidence tending to show that she nevertheless made no effort to inform the conductor of her presence or of her destination. It therefore became material, in the present case, for the jury to determine whether the railway company was entirely to blame and to be mulcted in heavy damages, or whether the plaintiff, by the exercise of ordinary care, could have avoided being carried beyond her station and the consequent injury to her.

3. It follows that the court erred in charging the jury, without explanation or qualification: "You must determine from the evidence whether by the exercise of extraordinary diligence the conductor could, on the occasion alleged, have ascertained the destination of Mrs. Dorsey." The court should have given in charge the principle above dealt with, especially when the evidence discloses that the passenger knew of the distance between the point where she boarded the train and the point of her destination, that the latter was a flag-station for that particular train, and that the train would not stop unless the conductor had notice of her desire to leave it at that station.

*Judgment reversed. All the Justices concurring.*