### HEARD *v.* THE STATE.

1. When, without objection to the correctness of the brief of evidence accompanying a motion for new trial, the motion was heard and determined on its merits by the trial judge, a motion made in this court to dismiss the writ of error because the brief of evidence was not approved by the judge will be denied.  Nor is a motion to dismiss a writ of error, because the charge of the court (which is specified in the bill of exceptions as a part of the record) does not bear the formal approval of the judge, good when the particular portions of the charge assigned as error are set out in an amendment to the motion, which is satisfactorily identified and approved in the body of the bill of exceptions.

2. On the trial of one charged with assault with intent to murder another by cutting him with a knife, it was error to charge, in effect, that if the prosecutor simply struck the accused with his hand or fist, intending no felony or serious bodily harm, and, in answer to that blow, the accused used a weapon likely to produce death, he would be guilty of the offense charged.

(a) Had death resulted and the fatal wound been inflicted as the result of passion engendered by a blow amounting to no more than an assault, the accused could not have been legally convicted of murder.

(b) Had the assault been provoked by passion so engendered, the defendant might have been convicted of stabbing, or assault and battery, in case the evidence so warranted.

3. When, in a trial for assault with intent to murder, the accused sets up the defense that he inflicted the wounds on the prosecutor to prevent the commission of a felony on his person, and the evidence both of the State and the accused is directed to the truth of the issue thus made, it is error to charge the jury, in effect, that, in order for the accused to be justified, it must appear that the danger was so urgent and pressing at the time of the difficulty that in order to save his own life it was absolutely necessary to kill.  The provisions of that section do not apply in a case of the character indicated.

*Argued October 21,—Decided November 7, 1901.*

Indictment for assault with intent to murder.   Before Judge Brinson.   Richmond superior court.   April term, 1901.

*H. M. Porter,* for plaintiff in error.
*J. S. Reynolds, solicitor-general,* and *C. P. Pressly,* contra.

LITTLE, J.  Enoch Heard was indicted for the offense of assault with intent to murder, alleged to have been committed on Dave

Walker by cutting him with a knife. He was found guilty, and submitted a motion for a new trial, which being overruled, he excepted. The charge was clearly made out by the evidence introduced on the part of the State; but one of the witnesses for the accused, in giving an account of the circumstances under which it is alleged that the defendant cut Walker, testified that, before he was cut, Walker rushed up to the defendant and struck him on the side of the head with his hand. The defendant in his statement also said that Walker struck him before he was cut.

1. When the case was called in this court, the solicitor-general moved to dismiss the writ of error, on the grounds that neither the brief of evidence nor the charge of the court was approved by the trial judge, and there was no record that the brief of evidence had been duly filed in the office of the clerk of the court. He also moved to strike from the record the amendment to the motion for new trial, for the same reasons. After the call of the case, we were furnished with a certified copy of an order dated October 21, 1901 (after the bill of exceptions and transcript of the record had been transmitted to this court), signed by the judge who tried the case in Richmond superior court, in which it is recited that the brief of evidence was regularly submitted to the judge at the hearing, and the amendment to the motion was considered, allowed, and approved by him at the time of the hearing, and that argument was had on the motion under the brief of evidence, and the amendment and brief were both acted upon and considered as approved by the trial judge, but a formal approval was inadvertently omitted; and that the brief of evidence and the amendment be marked approved nunc pro tunc. This order can not be considered by this court. The certificate to the bill of exceptions and the various orders and explanatory notes made theretofore were exhaustive of the power of the judge in this regard; and at the time of the passage of the order of October 21, the case was not pending in Richmond superior court, but was in this court, and the record of the case could not at that time have been altered or added to by any order of the superior court of that county. Eliminating, however, all reference to this order, we find a recital in the bill of exceptions that the defendant made a motion for a new trial, in due time, on certain grounds which were set out in the motion for new trial and "the amendment made thereto on June 28, 1901," and that this motion

as amended was heard by the judge pursuant to orders properly taken, and that after hearing the argument of counsel the judge overruled the motion as amended, and refused a new trial. It therefore appears from the bill of exceptions, not only that there was a motion for a new trial, but that an amendment was made thereto of a particular date—June 28,—under a proper order. The record contains an order under date of May 17, 1901, in which it is recited that movant had leave to amend his motion (for new trial) at any time at or before the hearing; and the amendment which it is sought to have stricken recites that defendant comes and, under leave of the court which had been previously obtained, amends his motion, setting out additional grounds by way of amendment. It is true that there is not attached to the amendment any formal verification by the judge of the additional grounds, nor does the formal entry of filing appear; but the recital in the bill of exceptions, which is certified to be true, distinctly refers to this amendment and declares that the amendment was considered and heard by the court in connection with the original motion on June 28, 1901. We therefore rule that the recitals in the bill of exceptions as certified by the trial judge are not only sufficient to identify the amendment, but are also a sufficient approval of the grounds therein taken, without a formal entry, one of these recitals being that the defendant "moved for a new trial upon the grounds set out in the motion and the amendment made thereto on June 28, 1901, which motion as amended was heard by the judge," etc. The formal filing in the clerk's office is not, under these circumstances, indispensable for the consideration of the motion as amended. It also appears in the bill of exceptions that the plaintiff in error specified the brief of evidence filed under the approval of the judge, as well as the charge of the court; and while it does not appear by any entry on the brief of evidence that the same was filed in office and approved by the judge, it does appear from the body of the bill of exceptions that counsel appeared and argued the motion for new trial. In the record this motion not only appears, but it is accompanied with a brief of evidence. If there were any irregularities in approving the brief of evidence, or any point as to its correctness, questions concerning the same should have been raised at the time of the hearing of the motion. In the case of *Central Railway* v. *Dorsey*, 106 *Ga.* 826, this court

ruled that it is too late after a motion for a new trial has, without objection to the brief of evidence, been heard and determined on its merits, to raise the question that the brief was not duly filed. Under this ruling the motion to strike the brief of evidence is not good. Nor can it prevail as to the charge of the court. The bill of exceptions specifies the charge of the court to be made a part of the record. Even if it were necessary that a formal entry of approval of that charge should appear in the record, it is sufficient to say that the court below, and necessarily therefore this court, is only called on to pass upon the assignments of error on the portions of the charge which are set out in the motion and amended motion clearly pointing out such errors as it is claimed were committed in the charge; and inasmuch as both the motion and the amendment thereto are, as we rule, sufficiently identified and verified in the body of the bill of exceptions, the motion to dismiss . can not prevail.

2. Complaint is made in the amended motion for new trial that the judge erred in his instructions to the jury, as follows: " I further charge you that if the prosecutor, Walker, simply struck him [the accused] with his hand or fist, and you are satisfied from the evidence that no felony or serious bodily harm was intended, and, in answer to that, Enoch Heard used a weapon likely to produce death, then, under the law, he would be guilty of the offense and you would be authorized to find him guilty." Other grounds of the motion contain practically the same assignment of error. They will not, therefore, be separately considered, as a proper determination of them is involved in the ruling upon the correctness of this portion of the charge. The defendant having been indicted for the offense of assault with intent to murder, it follows that if he would not have been guilty of murder under the circumstances of the assault, had death resulted, then he could not legally have been convicted of the offense of assault with intent to murder, as death did not result. To determine whether the defendant was guilty of the latter offense under the evidence in this case, it is necessary, to some extent at least, to consider what would have been the grade of the homicide, if the jury had believed that before the cutting the prosecutor had assaulted the accused, if the cutting, which was shown, had resulted in the death of Walker. The correctness of the charge complained of was material in view of the conflict in the evidence.

Suppose that Walker had died from the effects of the cut and the defendant had been on trial for murder; then the principle enunciated in the charge is, that if Walker simply struck the defendant with his hand or fist, with no intention to commit a felony or serious bodily harm, and in response to that striking the defendant, with a weapon likely to produce death, had killed Walker, under the law he would have been guilty of murder.   This is not a correct legal proposition.   Under the provisions of the Penal Code, § 65, an actual assault upon the person killing, or other equivalent circumstances to justify the excitement of passion, are sufficient to reduce the homicide from murder to voluntary manslaughter.  Provocation by words could not do so, but an actual assault might; then, if the defendant had, in response to a blow from the hand or fist of Walker, killed the latter with a weapon, it would not necessarily have been murder, but might have been voluntary manslaughter. If it would not necessarily have been murder, then it follows, where death does not ensue, that the accused would not necessarily have been guilty of assault with intent to murder.   If the cutting proved in the present case was done as the result of passion engendered by a blow from Walker, the defendant was not guilty of the offense of assault with intent to murder, but he might have been found guilty of stabbing, or assault and battery.   This proposition has been expressly ruled in the case of *Malone* v. *State*, 77 *Ga.* 767.   It was there held that, on a trial for assault with intent to murder by cutting another, " If the defendant stabbed the prosecutor after he was assaulted, or was moved to act, not by malice, but by a sudden and violent impulse of passion, excited by either of the ways mentioned in section 4324 of the Code [Penal Code of 1895, § 64], or by equivalent circumstances, then the case would be reduced to voluntary manslaughter," and if the offense under particular circumstances is voluntary manslaughter, the highest offense of which the accused can be found guilty under the same circumstances, if death did not result, is stabbing, which is an offense committed without malice.   A blow inflicted by one upon another in anger is an assault; hence, it is apparent that the charge complained of was error, and that, under the hypothesis stated in the charge the defendant would not necessarily have been guilty of assault with intent to murder.   See *Malone* case, cited supra.

3. It is also urged that the court erred in charging the jury the

principles laid down in the Penal Code, § 73, which are that if a person kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing that in order to save his own life it was absolutely necessary to kill, etc. The contention of the State in this case is that the accused, without any provocation from the prosecutor, made an attack on him with a deadly weapon (a knife), and inflicted certain wounds on him. If this contention be true, the defendant is guilty of assault with intent to murder, unless it be made satisfactorily to appear that the intent to kill was wanting. The accused contended that he inflicted the wound to prevent a felony from being committed upon his person, and that the prosecutor first struck him, and made an attempt to use a deadly weapon upon him, and that the cutting was done to prevent the use of such weapon. The issue, therefore, was whether the cutting was done to prevent the commission of a felony on the person of the accused, and it is not essential under such circumstances that in order to be justified one can only kill to save his life. Where a felony is attempted, by violence or surprise, to be committed on the person of another, and this appears under the provisions of the code above referred to, the person attacked may lawfully kill the attacking party to prevent such felony ; and it is not true, as a legal proposition, that he is only justified when he kills to save his own life. He is equally justified if he kills to prevent the commission of a felony upon his person. The principles contained in the charge complained of are not applicable in .a case where the sole defense set up is the one urged in the present case, but are only applicable under certain circumstances always succeeding mutual combat, in the inception of which the defendant willingly entered into that combat. *Powell* v. *State,* 101 *Ga.* 9. It must be ruled, therefore, that the charge given was error under the two theories raised by the evidence on the trial.

The other grounds of the motion for new trial do not disclose that any other error was committed by the trial judge. As the case goes back for another trial we do not pass on the general grounds of the motion.

*Judgment reversed.    All the Justices concurring.*