## 2137. MOTT v. KOCH.

The plaintiff in error not having shown requisite diligence in the prosecution of his motion for new trial and the presentation of his brief of evidence for approval, the trial judge did not err in dismissing the motion.

Motion for a new trial; from city court of Brunswick—Courtland Symmes, judge pro hac vice. July 10, 1909.

Submitted December 7,—Decided December 24, 1909.

*Ernest Dart,* for plaintiff in error.

*Bennet & Conyers,* contra.

POWELL, J. At the May term of the city court of Brunswick the case was tried and the motion for new trial was filed and set down for hearing on the third day of July, 1909. The motion was based on the usual general grounds, and attached to it was an order providing that the movant should "have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence and charge of the court in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation, and if the hearing of the motion shall be in vacation, and the brief of the evidence and charge of the court have not been filed in the clerk's office before the date of the hearing, said brief of the evidence and charge of the court may be filed in the clerk's office at any time within ten days after the motion is heard and determined." On July 3 counsel for neither party appeared, but the judge, of his own motion, continued the case until July 10 by an order in which it was recited that the case would be heard on that date, unless it was continued upon a good showing. He caused a copy of this order to be served upon counsel for each party. On July 10 counsel for both parties appeared, and counsel for respondent moved to dismiss, on the ground that no brief of evidence had been filed. Counsel for the movant stated that he had forgotten about the matter, but that he had asked the stenographer for a copy of the testimony taken at the trial, and that he had offered to pay him for it. The stenographer, on the other hand, stated that the counsel had not requested a copy from him, and that he had been absent from the city on account of illness. The judge dismissed the motion for new trial, and to this exception is taken.

The law expects, theoretically, that motions for new trial should be heard at the same term at which the case in chief is tried; and

this is the best practice. However, provision is made by which the judge, at his discretion and on such terms as he shall choose to impose, may allow the matter to pend and be heard in vacation. It is no excuse that the stenographer did not furnish counsel with a transcript of the testimony. In the first place, the stenographer testified on the hearing of the motion that it had not been requested of him, but we deem this to be immaterial. It is the duty of counsel to prepare the brief of the evidence, and not the duty of the stenographer; at least so far as court and counsel are concerned. There may be an agreement between counsel and the stenographer whereby this work shall be done by the latter, and this is a matter which the court may notice, but is not bound to notice, in the exercise of his discretion in continuing the motion. Indeed, the writer expresses it as his opinion that resort should be had to the stenographer's report only in the event of a dispute between opposing counsel, or between the court and counsel, as to whether the brief of evidence presented is in fact true or not. To take the stenographer's report of the testimony and convert it into narrative form and present it as the brief of the evidence is not a compliance with the letter or the spirit of the law. Counsel ought to prepare his own brief (i. e. a short, summary statement) of the material portions of the evidence, and present this to the judge for his approval as the brief of the evidence—that is what the law means. If there arises a dispute as to whether this is correct or not, resort then may be had to the stenographer's report, for the purpose of refreshing the memory of the court, or of counsel, as the case may be.

Counsel for the plaintiff in error lays some stress upon the fact that the order continuing the motion for new trial gave the movant ten days after the hearing in which to file the brief of the evidence in the office of the clerk of the superior court. This can not help him. By the terms of the order, as well as by the law itself, the brief of the evidence should have been presented to the judge and approved by him before the motion was heard. It is within the power of the court to provide, as was done in this case, for postponement of the time within which the brief shall be filed in the office of the clerk of the superior court to a date subsequent to the hearing; but he can not postpone the time within which the brief of evidence is to be approved beyond the time of the hearing. The only final judgment which the judge can legally grant upon a motion for

new trial, in the absence of an approved brief of the evidence, is to dismiss it. *Judgment affirmed.*