## 2446. DAVIS *v.* THE STATE.

1. A brief of evidence which is not approved by the trial judge can not be considered by this court, and a motion for a new trial may be dismissed as incomplete although what purports to be a brief of evidence has been filed, unless, either before or after such filing, it be verified by the approval of the trial judge.

2. Where a movant for a new trial is allowed until the hearing to prepare and present for approval a brief of the evidence, and no brief is presented when the motion is called for a hearing, the motion may properly be dismissed for want of a brief of the evidence, unless a sufficient reason be presented to the court why further time should be granted for the preparation of the brief.

3. The term "until the hearing" includes only the period of time between the date of the order granting time and the time when the court enters upon the actual hearing,—the beginning of the hearing,—and an attempt to file a brief of the evidence which has not been approved by the trial judge, after the court has orally announced a judgment dismissing the motion for a new trial, even though the judgment has not been reduced to writing or signed, is nugatory.

DECIDED FEBRUARY 7, 1911.

Motion for new trial; from Cobb superior court—Judge Morris. January 10, 1910.

*Clay & Morris,* for plaintiff in error.

*J. P. Brooke, solicitor-general,* contra.

RUSSELL, J. The defendant filed a motion for new trial. The court, upon granting an order requiring the opposite party to show

cause why a new trial should not be granted, provided, in his order fixing a date for the hearing of the motion, that the movant should have "until the hearing of said motion in which to prepare for filing and approval a brief of the evidence." In this first order the hearing was set for December 4. Upon that day the judge continued the hearing until January 10, and on the last-mentioned date he dismissed the motion for a new trial. The motion was dismissed upon the ground, as stated in the judge's order, that no brief of evidence had been filed as required by law. The only exception taken to the action of the court is the assignment of error upon the judgment dismissing the motion for a new trial. There is no exception to any refusal to approve a brief of evidence, and no brief of evidence appears in the record. It appears, from the recitals of the bill of exceptions, that a brief of evidence was filed on January 10, prior to the signing of the order dismissing the motion for a new trial, but *after* the judge had stated that he would dismiss the motion. What actually occurred we can determine only from the bill of exceptions and the record, and from these it is plain that the judge gave the movant until the hearing to prepare and present a brief of the evidence, and that though the hearing was continued, the movant had not complied with the order at the time that the motion was called for a hearing, and that it was for that reason the judge dismissed the motion. We cannot say he erred in so doing. As was held in *James* v. *John Flannery Co., 6 Ga. App.* 811 (66 S. E. 153), the movant had the continuing right to present a brief of evidence, until the hearing, whenever it might have been, unless the time was expressly restricted by subsequent order, and to have it approved. But on the other hand, if, when the time set for the hearing had arrived, no brief of evidence had been presented, or, if presented, was such a brief as the judge could not approve, and there was no good reason why a further extension of time should be granted, the judge could properly dismiss the motion. The question as to whether the judge should have granted further time, or, if a brief was presented, whether it was a proper brief, is not presented by an exception assigning as error the dismissal of the motion for new trial. Any rulings of the court antecedent to this judgment, if not merged in it, can not be thus reviewed. The fact that the stenographer had not transcribed his notes was no excuse

for failure to present a brief of the evidence, and the filing of what purported to be a brief of the evidence, without having obtained the approval of the judge thereto, was nugatory.

*Judgment affirmed.*