10595.  CONTINENTAL LIFE & HEALTH INSURANCE CO. *v.* HAND.

SMITH, J.  1. An alleged statement of facts not being set forth in the bill of exceptions nor made a part of the same as an exhibit thereto and properly authenticated, what purports to be an agreed statement of facts, specified in the bill of exceptions as such and sent up as a part of the record, but not approved by the judge and ordered filed, cannot be considered by this court.  *Robinson* v. *Woodward,* 134 *Ga.* 777 (68 S. E. 553); *Blackman* v. *Garrett,* 135 *Ga.* 226 (69 S. E. 110); *Silvey* v. *Brown,* 137 *Ga.* 104 (72 S. E. 907); *Barrow* v. *Barrow,* 139 *Ga.* 806 (78 S. E. 123); *Fitzgerald* v. *Brown,* 22 *Ga. App.* 57 (95 S. E. 377).

2. The errors assigned in the bill of exceptions being such as cannot be determined from the record without a consideration of such alleged agreed statement of facts so sent up, the judgment of the court below must be affirmed.

3. Could we consider the alleged agreed statement of facts as appears in the record before us, we would hold that the evidence contained therein authorized the verdict.

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED NOVEMBER 19, 1919.

Action on insurance policy; from city court of Floyd county— Judge Nunnally.  April 29, 1919.

*J. L. Wallace, C. H. Porter, Walter McElreath,* for plaintiff in error.

*L. H. Covington,* contra.