## CHANDLER *v.* CHANDLER.

JENKINS, Justice. 1. A brief of evidence is essential to the validity of any motion for a new trial; and this is true even though the only ground of the motion insisted upon does not require a consideration of any of the evidence introduced on the trial. *Dollar* v. *Fred W. Amend Co.*, 186 *Ga.* 717 (198 S. E. 753), and cit., overruling the decision to the contrary in *Audulph* v. *Josey*, 44 *Ga.* 605.

2. Where a motion for new trial has been set down for a hearing, with the right of the movant to have "until the final hearing, whenever it may be had, to present for approval a brief of the evidence," the movant is not required to so perfect his motion before the day set for the hearing; but it will be sufficient if the brief of the evidence is presented during the progress of the hearing and before the case be dismissed. *Maynard* v. *Head*, 78 *Ga.* 190 (1 S. E. 273); *Napier* v. *Heilker*, 115 *Ga.* 168 (41 S. E. 689); *Broadway National Bank* v. *Kendrick*, 124 *Ga.* 1053, 1056 (53 S. E. 576); *Shockley* v. *Turnell*, 114 *Ga.* 378, 381 (40 S. E. 279); *Rogers* v. *Cherokee Iron & Ry. Co.*, 70 *Ga.* 717; *Board of Commissioners of Glynn County* v. *Dart*, 67 *Ga.* 765; *Hightower* v. *George*, 102 *Ga.* 549 (26 S. E. 729); *Gainesville Grocery Co.* v. *Bank of Dahlonega*, 25 *Ga. App.* 230, 232 (102 S. E. 912). See Henderson v. Edwards, 191 Iowa, 871 (183 N. W. 583, 16 A. L. R. 1090, 1094, note).

3. Where at the time and place set for the hearing no brief of the evidence has been presented for approval, and a motion to dismiss the motion for new trial is made on that ground, and no brief of the evidence is tendered in response to the motion to dismiss, the court would ordinarily be required to dismiss the motion for new trial, since, in the absence of a brief of the evidence, there would be nothing before the court which it would be authorized to hear and determine. *Mott* v. *Koch*, 7 *Ga. App.* 239, 240 (66 S. E. 553); *Davis* v. *State*, 8 *Ga. App.* 711, 712 (70 S. E. 148). Where, however, as in this case, the movant for new trial at the time and place set for the hearing, in response to the motion to dismiss, contended before the court that a brief of the evidence was not required in that particular case, and the court, reserving its ruling on that question, proceeded to entertain the motion for new trial, and, pending its decision on the motion to dismiss and on the motion for new trial, approved a brief of the evidence and allowed it to be filed, the presentation and filing of the brief in such circumstances will not be taken as too late, so as to require the sustaining of

the original motion to dismiss. On this, the only exception, the grant of a new trial was not erroneous.

*Judgment affirmed. All the Justices concur, except Reid, C. J., and Duckworth, J., who dissent.*

No. 13476. NOVEMBER 15, 1940.

*Ed Wohlwender Jr.,* and *Roy S. Levinson,* for plaintiff in error. *Love & Fort,* contra.