18775, 18776.   OLIVER *v.* BENSON; and *vice versa.*

ALMAND, Justice. A. O. Benson filed an equitable petition, against Hugh Oliver, for an accounting growing out of a partnership relation between the parties. The case proceeded to trial, and on October 30, 1953, verdict and judgment were rendered in favor of the plaintiff. The defendant filed a motion for new trial on the general grounds. On this motion the court issued a rule nisi, setting the motion for hearing on January 30, 1954. This rule provided that the movant "shall have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case." On January 30, 1954, the hearing was continued by order until February 20, 1954. The record discloses that this hearing was continued until March 27, 1954, at which time the plaintiff filed a written motion to dismiss the motion for new trial because no brief of evidence had been approved by the court. This motion was denied. The court proceeded to hear said motion, and on April 7, 1954, entered an order denying the motion for new trial. On this date the court denied a second motion of the plaintiff to dismiss the motion for new trial because no brief of evidence had been approved by the court. The record discloses that on April 10, 1954, the court entered an order approving the brief of evidence. On this same date the plaintiff made a third motion to dismiss the motion for new trial because no brief of evidence had been approved by the court. The defendant filed a bill of exceptions returnable to the Court of Appeals, assigning error

on the order denying the motion for new trial. The plaintiff by cross-bill of exceptions assigns error on the three orders denying his motions to dismiss the motion for a new trial. The Court of Appeals transferred the case to this court, on the ground that that court did not have jurisdiction of the writ of error. *Held:*

1. "When the Supreme Court has before it both a main bill of exceptions and a cross-bill of exceptions, and the latter presents a question which is controlling upon the case as a whole, it will be disposed of first; and if the judgment therein excepted to is reversed, the writ of error issued upon the former will be dismissed." *Rogers* v. *Carter*, 177 *Ga.* 605 (2) (170 S. E. 868), and citations.

2. A brief of evidence is essential to the validity of a motion for new trial. *Dollar* v. *Fred W. Amend Co.*, 186 *Ga.* 717 (1) (198 S. E. 753). Where, at the time and place set for the hearing of a motion for a new trial, no brief of evidence has been tendered, the court is ordinarily required to dismiss the motion, since, in the absence of a brief of evidence, there is nothing before the court which it would be authorized to hear and determine. *Mott* v. *Koch*, 7 *Ga. App.* 239 (66 S. E. 553); *Davis* v. *State*, 8 *Ga. App.* 711 (1) (70 S. E. 148).

3. It appearing in the instant case that on March 27, 1954, when the defendant's motion for new trial came on for a hearing, the plaintiff filed a written motion to dismiss the motion for new trial because no brief of evidence had been approved by the trial court, and it further appearing that the court on April 7, 1954, entered an order denying the motion for new trial, and that the brief of evidence was not approved until April 10, 1954, the court erred in not sustaining the motion of the plaintiff to dismiss the motion for new trial, and the orders of the court denying the motion for new trial and approving the brief of evidence were nugatory. There being no approved brief of evidence before the court at the time of the hearing on the motion for new trial, the court was without jurisdiction to pass upon said motion.

4. The orders excepted to in the cross-bill of exceptions, refusing to dismiss the motion for new trial, will be reversed; and since that ruling finally disposes of the case in the trial court, the order denying the motion for new trial, excepted to in the main bill of exceptions, will not be passed on, and the main bill of exceptions will be dismissed.

*Judgment on the cross-bill of exceptions reversed; main bill of exceptions dismissed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED NOVEMBER 8, 1954—DECIDED JANUARY 10, 1955.

*L. C. Hames, Jr., William H. Burke,* for plaintiff in error.
*Scott S. Edwards, Jr., Hamilton Lokey,* contra.