## 35477. MURRY v. SNYDER.

TOWNSEND, J. 1. (a) While it is better practice to name the plaintiff in error and defendant in error eo nomine, failure to do so will not result in dismissal of the bill of exceptions where it clearly appears from the recitals therein who are the necessary parties to the appeal, and that such party or parties have acknowledged service of the bill of exceptions. *Jordan* v. *Harber*, 172 *Ga.* 139 (1) (157 S. E. 652); *Welch* v. *Haley*, 83 *Ga. App.* 492 (1) (64 S. E. 2d 364).

(b) Nor is the lack of an approved brief of evidence a proper ground for a motion to dismiss the bill of exceptions. *Whitner* v. *Whitner*, 207 *Ga.* 97 (60 S. E. 2d 464). Accordingly, the motion to dismiss the bill of exceptions on the two grounds above stated is denied.

2. (a) "An alleged statement of facts not being set forth in the bill of exceptions nor made a part of the same as an exhibit thereto and properly authenticated, what purports to be an agreed statement of facts, specified in the bill of exceptions as such and sent up as a part of the record, but not approved by the judge and ordered filed, cannot be considered by this court." *Continental Life &c. Ins. Co.* v. *Hand*, 24 *Ga. App.* 476 (1) (101 S. E. 193), and citations. See also *Johnson* v. *Gleaton, Jones & Co.*, 4 *Ga. App.* 383 (61 S. E. 493).

(b) Since there is no brief of evidence in this record, and this deficiency is not supplied by the stipulation of facts by counsel for the plaintiff and defendant, which, although filed in the case and brought up as a part of the record, has not been approved by the trial court, and since the sole assignment of error is the denial of the motion for a new trial on the general grounds, the judgment of the trial court is affirmed. An assignment of error that the judgment is contrary to law and the principles of justice and equity presents only the question of whether it is contrary to law for want of any evidence to support it, and for the determination of such grounds of a motion for new trial a brief of evidence is necessary. *Jackson* v. *Sapp*, 210 *Ga.* 134 (1) (78 S. E. 2d 23), and citations. In the absence of such brief of evidence, this assignment of error cannot be considered, but will be treated and deemed as waived. The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 3, 1955.

*Lewis L. Scott*, for plaintiff in error.
*Brannen, Clark & Hester*, contra.