## 38767. HART v. BROOKS.

CARLISLE, Judge. 1. While a brief of the evidence is not required for a consideration of grounds of motion for a new trial, the merits of which can be ascertained without reference to the evidence (Ga. L. 1947, p. 298; *Code Ann.* § 70-301.1), it is always essential in passing upon what are commonly referred to as the "general grounds" of a motion that the court consider the evidence. Accordingly, the first grant of a new trial by the trial judge on the ground that "the verdict was contrary to law and the principles of justice and equity" was illegal where the motion containing such ground was not accompanied by a brief of evidence, submitted for approval prior to the consideration by the court of such ground. *Murry v. Snyder*, 91 Ga. App. 456 (2b) (85 S. E. 2d 823).

2. Where after the call of the case and before striking the jury counsel for the plaintiff requested the court to qualify the panel as to their relationship by blood or marriage to the parties in the case, and where none of the jurors so questioned disqualified themselves; and, where immediately prior to

striking the jury one of the attorneys for the defendant informed the court that the defendant thought that a named person on the panel was related to him within the prohibited degree; and, where the said prospective juror was then individually asked by the court if he was related to the defendant and he denied such relationship, and where thereafter the panel was put upon the parties and the plaintiff took no further action to ascertain the truth as to such relationship but merely struck such panel member peremptorily, she will be held to have waived it, and it was too late, after the introduction of evidence and a verdict had been rendered by the jury in favor of the defendant, for the plaintiff to raise any issue by motion for a new trial respecting such relationship. After being put on notice by the announcement of the defendant of the probable relationship of the panel member to the defendant, the plaintiff failed to exercise due diligence in ascertaining the true relationship when she failed to examine the juror or at least to put the defendant who had called attention to the relationship on the stand in order to take his testimony under oath as to his knowledge of the true facts respecting such relationship. *Jennings v. Autry*, 94 Ga. App. 344 (94 S. E. 2d 629). Under the provisions of the act approved February 19, 1951 (Ga. L. 1951, pp. 214, 216), the plaintiff had the right not only to examine the juror as to his relationship but to put in such relevant evidence as she saw fit in order to present to the court the truth of the matter. It follows that the trial judge erred in granting a new trial on the special ground of the motion complaining of such relationship.

*Judgment reversed. Townsend, P.J., Frankum and Jordan, JJ., concur.*

DECIDED APRIL 5, 1961.

*Wyatt & Morgan, James R. Lewis, H. T. Quillian, Jr.,* for plaintiffs in error.

*E. W. Fleming, Loeb C. Ketzky,* contra.