40788. NAGEL v. NEDOBA et al.

BELL, Presiding Judge. Plaintiffs in error except to the judgment of the trial court dismissing their motion for new trial and to the subsequent ruling dismissing their motion to reinstate their motion for new trial.

The motion for new trial was on the general grounds only but no brief of evidence accompanied the motion. *Held:*

It is always essential in passing upon what are commonly called the "general grounds" of a motion for new trial that the court consider the evidence. Thus, a motion for new trial must be dismissed where it is based on the general grounds only and is unsupported by a brief of evidence. *Hart v. Brooks,* 103 Ga. App. 470 (1) (119 SE2d 602); *Murry v. Snyder,* 91 Ga. App. 456 (2b) (85 SE2d 823); *McKoy v. Hardy,* 92 Ga. App. 525, 527 (88 SE2d 708); *Daniel v. Atlanta Newspapers, Inc.,* 89 Ga. App. 895, 899 (2) (81 SE2d 547); *Oliver v. Benson,* 211 Ga. 268 (2, 3) (85 SE2d 418); Ga. Procedure and Practice, § 22-7.

The above rule is applicable even if the petition initiating the trial clearly shows on its face that it was subject to general demurrer. The rule is also relevant even if it is apparent that the verdict was not authorized by the pleadings. Under the rule enunciated in *Harvey v. DeWeill,* 102 Ga. App. 394 (2b), 404-407 (116 SE2d 747), it is quite possible that all of the deficiencies in the petition may have been supplied during

the trial by the admission of evidence which, while not authorized by the pleadings, was admitted without objection.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

DECIDED JULY 14, 1964—REHEARING DENIED JULY 27, 1964.

*Wade H. Leonard,* for plaintiff in error.
*Shaw, Stolz & Fletcher, George P. Shaw,* contra.