40928. McCORMICK v. JORDAN.

JORDAN, Judge. This case was tried on September 20, 1962. A verdict and judgment was entered for the plaintiff and within the time allowed by law the defendant filed a motion for new trial. This motion was by order of court assigned for hearing on November 24, 1962, and said hearing was thereafter regularly continued until February 20, 1963. On this date counsel for the defendant, as authorized by the previous orders, tendered an amendment to the motion for new trial (each ground of which required a consideration of the evidence), accompanied by a brief of evidence and a copy of the charge of the court, all of which were duly approved by the court, and were ordered filed as a part of the record in the case on February 20, 1963. These documents were by agreement of the parties taken under advisement by the court, and on April 16, 1963, the court entered an order sustaining the motion and granting the defendant a new trial. The court then deposited the motion for new trial, amended motion for new trial, brief of evidence and charge of the court in the office of the Clerk of the Superior Court of Douglas County. On April 26, 1963, the court amended the order by specifically enumerating the grounds upon which the new trial was granted. No exception was taken to these judgments.

308

Subsequently, on March 12, 1964, upon the case being called for new trial, the plaintiff filed a motion to set aside and vacate the order of April 16, 1963, as amended April 26, 1963, and to reinstate the verdict of the jury and judgment of the court thereon of September 28, 1962, on the ground that no brief of evidence was filed in this case within the time provided by the orders of court or at any time and that the motion for new trial and judgment thereon were void. The defendant on May 19, 1964, filed a motion to dismiss the plaintiff's motion, and on said date a hearing was had on the motion. At this hearing the clerk of court testified that he received the brief of evidence and other papers on April 17, 1963, that he had kept them under his supervision as clerk of court, but that he had never marked them as filed because no one had instructed him to file them. At the conclusion of this hearing the trial court granted the defendant's motion and dismissed the plaintiff's motion seeking to set aside and vacate the order of April 16, 1963, as amended April 26, 1963. The exception is to that judgment. *Held:*

The trial court did not err in dismissing the plaintiff's motion. The record in this case discloses that a brief of evidence was tendered to, approved by, and ordered filed by the trial court on February 20, 1963 (the date of the hearing on the motion for new trial), and that the approved brief of evidence was before the court and by agreement of counsel in its physical possession when the motion for new trial was considered and granted. Accordingly, there being an approved brief of evidence before the court at the time of the hearing on the motion for new trial, the court clearly had jurisdiction to consider said motion, *Oliver v. Benson,* 211 Ga. 268 (2,3) (85 SE2d 418), *Mott v. Koch,* 7 Ga. App. 239 (66 SE 553), and the plaintiff, having made no objection to the brief of evidence before the motion for new trial was determined on its merits, could not later raise the issue of whether the brief of evidence had been duly filed in the office of the clerk of court, the formal filing of the brief of evidence not being essential to the jurisdiction of the court. *Central of Ga. R. Co. v. Dorsey,* 106 Ga. 826 (1) (32 SE 873); *Heard v. State,* 114 Ga. 90 (1) (39 SE 909).

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED SEPTEMBER 22, 1964.

*Marson G. Dunaway, Jr.,* for plaintiff in error.
*Howe & Murphy, D. B. Howe,* contra.