41303.   PARROTT v. FLETCHER et al.

FELTON, Chief Judge.   1.   Where a movant for a new trial is allowed until the final hearing to prepare and present for approval a brief of the evidence, and no brief is presented when the motion is called for a hearing, the motion may properly be dismissed on the ground that no brief of evidence had been presented unless a sufficient reason be presented to the court why further time should be granted for the preparation of the brief.   *Chandler v. Chandler,* 191 Ga. 172 (3) (11 SE2d 666).

2. A brief of the evidence may be presented at any time during the progress of the hearing before the case is dismissed. *Chandler v. Chandler,* supra.

3. In the present case, the movant for a new trial was allowed until the final hearing to perfect and have approved his motion for a new trial. The court granted the movant's motion for continuance of the hearing on the ground that the reporter had not delivered the transcript of the record to the movant. At the final hearing, movant announced ready, although no approved brief of the evidence or amended motion had been filed or approved by the court. The respondent made an oral motion to dismiss the motion for a new trial on the grounds that respondent was not served with a copy of the brief of evidence duly approved by the judge and with an amended motion.

Although the judge's order dismissing the motion for a new trial recited that no brief of evidence or amended motion had been filed or approved by the court, it recited *that the oral motion of respondent to dismiss the motion was granted.* The order of the court did not state what the grounds of the motion were which was being acted upon but the bill of exceptions recited that the grounds of the motion to dismiss were *that respondent had not been served with an amended motion and that the brief of evidence had not been approved by the court and served on respondent.* Since the judge certified the bill of exceptions as true, the grounds of the motion to dismiss will be taken as those recited in the bill of exceptions since such recital is not contradicted by the judgment of the court. The grounds of the motion to dismiss were and are without merit because there is no requirement that the amended motion or brief of evidence be served on the respondents in cases of motions for a new trial. *Reserve Life Ins. Co. v. Gay,* 99 Ga. App. 661 (109 SE2d 919) and citations. Since the sustaining of the motion to dismiss rendered futile the presentation of the amended motion and brief of evidence such presentation was not necessary because under the court's ruling the motion would still have had to be dismissed because of lack of service of the approved documents on respondent.

The court erred in sustaining the motion of respondent upon the grounds urged and in dismissing the motion for a new trial.

*Judgment reversed. Jordan and Deen, JJ., concur.*

SUBMITTED MAY 3, 1965—DECIDED JULY 20, 1965.

*Jack M. Smith, R. Beverly Irwin, Sidney Holderness,* for plaintiff in error.

*Tisinger & Tisinger, David H. Tisinger,* contra.