No. 2.—John Doe ex dem. James H. Truluck and Sutton H. Truluck and Reuben Herndon, plaintiffs in error, *vs.* Richard Roe, casual ejector, and John Peeples, tenant in possession, and James Simmons, and others, co-defendants, and defendants in error.

## Ejectment.

A Deed to land, signed, sealed and attested as follows :

" Signed, sealed and delivered in presence of       his
        Wright Sanders,          ·          James X Matthews, [Seal.]
        Thomas Sanders.                      mark.
Acknowledged in the presence of me, Wiley Pearce, J. P.," and recorded in the Clerk's office of the Superior Court in the county where the land lies, is admissable in evidence without further proof.

The court will presume that the acknowledgment before the magistrate was made where the Deed itself purports to have been executed; and at the time it purports to bear date, in the absence of *all proof to the contrary.*

It is presumed, until the contrary is proved, that every man obeys the mandates of the law, and performs all his *official* and social duties.

This was an action of Ejectment, tried in the Superior Court of the county of Cass, before Judge Wright. The transcript of the record discloses that this action was predicated upon two several demises : the first

from James H. and Sutton H. Truluck, jointly; and the second from
Reuben Herndon, for the recovery of lot of land known as number one
hundred and six, in the twenty-third district of the second section of,
originally, Cherokee, now Cass county, aforesaid. At the February term,
1846, of said Superior Court, the said action came on to be heard ; and
on behalf of plaintiff, a grant of said lot of land from the State of Georgia
to James Matthews was offered, and read in evidence to the jury.

The counsel for the plaintiff then tendered a deed from James Matthews,
conveying said lot of land to the lessors, James H. and Sutton H. Truluck,
jointly, which deed is in the words and figures following :

GEORGIA,      } This Indenture, made the twenty-ninth of January,
*Decatur County.* A. D., 1833, between James Matthews, of the county
and State aforesaid, of the one part, and James H. Truluck and Sutton H.
Truluck, of the same place, of the other part : Witnesseth, that the said
James Matthews, for and in consideration of the sum of one hundred dol-
lars, to him in hand paid, at and before the sealing and delivery of these
presents, the receipt whereof is hereby acknowledged, have granted, bar-
gained, sold, aliened, conveyed and confirmed, and by these presents do
grant, bargain, sell, alien, convey and confirm unto said James H. and
Sutton H. Truluck, their heirs and assigns, all that tract or parcel of land
situate, lying and being in Cherokee county, known and distinguished by
lot number one hundred and six, in the twenty-third district, second sec-
tion, of said county, containing one hundred and sixty acres, more or less :
to have and to hold said tract of land, with all and singular the rights,
members and appurtenances thereof whatsoever, to the said James H. and
Sutton H. Truluck, being, belonging, or in anywise appertaining, with
the remainder and remainders, reversion and reversions, rents, issues and
profits thereof to the only proper use, benefit and behoof of them, the said
James H. and Sutton H. Truluck, their heirs, executors, administrators
and assigns, in fee simple. And the said James Matthews, his heirs, exe-
cutors and administrators, and all and every person or persons, shall and
will warrant, and forever defend, by virtue of these presents. In witness
whereof the said James Matthews hath hereunto set his hand and affixed
his seal, the day and year first above written.

Signed, sealed and delivered in presence of      his

WRIGHT SANDERS,                      JAMES X MATTHEWS, [Seal.]
THOMAS SANDERS.                      mark.

Acknowledged in the presence of me, WILEY PEARCE, J. P.

Georgia, Cass County ;          }
Office of the Clerk of the Superior Court.

Recorded in book D. of Deeds, page 291.   June 21st, 1839.

CHESTER HAWKES, Clerk.

Which was objected to by defendants' counsel, on the ground that the
signing, and delivery thereof, was not sufficiently proven, to authorize the
same to be read in evidence to the jury; which objection was sustained
by the court below, the deed rejected, and the plaintiff thereupon non-
suited.

To all which the plaintiff in error excepted.

WM. H. UNDERWOOD, JOHN A. JONES and WM. Y. HANSELL, counsel

for plaintiff in error, relied upon the Registry Acts of this State ; *Prin. Dig.* 162, 166, 167 ; and *Hotchkiss Stat. Laws of Georgia*, 418.

T. H. TRIPPE, W. AKIN and D. R. MITCHELL, counsel for defendants in error, cited *Jackson ex dem. Wycoff* vs. *Humphrey*, 1 *Johns. Rep.* 498 ; *Jackson ex dem. Parker and others* vs. *Philips*, 9 *Cowen*, 94 ; *Dibble* vs. *D. and B. P. Rogers*, 13 *Wend.* 536 ; *Jackson ex dem. Merritt and Staunton* vs. *Germain*, 2 *Cowen*, 552.

*By the court*—WARNER, Judge.

The error assigned in this case is the rejection of the Deed mentioned in the Record, and awarding a nonsuit in the court below. The only question for the decision of this court is, whether the deed was properly executed, according to the provisions of the several Acts of the Legislature of the State of Georgia, to have admitted the same in evidence.

By the Act of 22d February, 1785, (*Prince's Dig.* 162,) it is enacted, " That all deeds of conveyances by way of bargain and sale, *bona fide*, of lands or tenements, and executed under hand and seal, in the presence of two or more witnesses, and a valuable consideration paid, that are proved or *acknowledged before a Justice of the Peace*, or before the Chief Justice, or one of the Associate Justices, and the said deed is registered by the clerk of the court in the county where such lands or tenements lie, in a book by him to be kept for that purpose, within twelve months from the date thereof, such deed of conveyance is declared to be good," &c.

By the 3d section of the Act of 26th December, 1827, (*Prince's Dig.* 166,) it is enacted, " Every deed of conveyance or mortgage of either real or personal property hereafter to be made, may, upon being executed in the presence of, and attested by a notary public, Judge of the Superior Court, Justice of the Inferior Court, or Justice of the Peace, and in cases of real property by one other witness, be admitted to record, and made evidence in the different courts of law and equity in this State," &c. The deed offered in evidence in the court below, is attested by two witnesses, and acknowledged in the presence of a Justice of the Peace, and recorded in the county of Cass, 21st June, 1839. The objection urged by the defendants in error was ; it did not appear on the face of the deed, *when* and *where* the acknowledgment before the Justice of the Peace was made. The deed on its face purports to have been made in Decatur county, in this State, on the 29th January, 1833. And this court will presume the acknowledgment was made in the county where the deed purports to have been made ; and at the time it purports to bear date, in the absence of *all proof to the contrary*.

We shall not voluntarily impute *malpractice* to the officer before whom the acknowledgment was made, by presuming it was taken at a time, and place, when, and where, he had no authority to take it.

It is presumed, till the contrary is proved, that every man obeys the mandates of the law, and performs all his *official* and social duties. —*Greenleaf's Evidence*, 47 ; *The Bank U. S.* vs. *Dandridge*, 12 *Wheaton's Rep.* 64 ; *Hartwell* vs. *Root*, 19 *John's Rep.* 345.

We are therefore all of the opinion, the deed ought to have been admitted in evidence, and that the court below committed error in rejecting the same and awarding a nonsuit. Let the nonsuit be set aside and the case reinstated.