### McBURNETTE *v.* HUFF, trustee.

ATKINSON, J. 1. A bill of exceptions to a final judgment is presented in due time, if the court at which the judgment was rendered did not adjourn within thirty days from the date of the organization and opening of the court, and if the bill of exceptions is tendered to the judge who presided in the cause during the term and within sixty days from the date of the judgment. Civil Code (1910), § 6152; *Castellaw* v. *Blanchard,* 106 *Ga.* 97 (31 S. E. 801). Accordingly, a bill of exceptions to a final judgment in an equitable action for the recovery of a fund by an alleged transferee, and for injunction to prevent its payment to the trustee in bankruptcy of the alleged assignor, will not be

dismissed on the ground that it was not tendered to the presiding judge within the time provided by law, where it appears from the certificate of the clerk to the transcript of record sent up from the trial court that the term of the court at which the judgment was rendered adjourned on a specified date which was more than thirty days from the beginning of the term, and where the date of the writ of error shows that the bill of exceptions was certified by the judge during the term and less than sixty days from the rendition of the judgment upon which error was assigned.

2. An assignment of error complaining of the admission of documentary evidence over objection urged at the time it was admitted should set fort literally or in substance the evidence objected to, or identify it as an exhibit attached and made a part of the bill of exceptions. If it fails to do either, the assignment of error will not present any question for consideration. *Bacon* v. *Howard*, 152 *Ga.* 616 (2) (110 S. E. 888); *Callaway* v. *Beauchamp*, 140 *Ga.* 207 (2) (78 S. E. 846).

(*a*) Accordingly, an assignment of error in a bill of exceptions is insufficient to present any question for consideration, such assignment of error being in these words: "The trustee offered and read in evidence an original record from the Federal court in the case of said E. B. McBurnette, a bankrupt, over objection to its admissibility on ground such original record was not evidence of its contents and not a substitute for a certified copy. The court overruled said objection. A copy of this record is here attached marked ' A '."

(*b*) The defect in the assignment of error above pointed out was not cured by attaching to the bill of exceptions, after the certificate of the judge, several pages of matter, some of which was typewritten and some in pencil, purporting to set forth several parts of record from the United States District Court, "In the matter of E. B. McBurnette, a bankrupt," for the reason that such additional matter is no part of the bill of exceptions.

3. Where a direct bill of exceptions fails to set forth all of the evidence material to a clear understanding of the errors complained of, or a duly approved brief of the evidence submitted on the trial, the judgment of the trial court will not be reversed upon any ground depending upon a consideration of the evidence. *Scott* v. *Wage Earners Loan &c. Co.*, 147 *Ga.* 576 (2) (94 S. E. 1021); *Pierce* v. *Felts*, 146 *Ga.* 716 (92 S. E. 212). Accordingly, where, on the trial of an equitable action of the character mentioned in the first division, a controversy between the transferee and the trustee in bankruptcy of the assignor related to certain wages earned by the assignor during the four days immediately preceding the adjudication in bankruptcy against the assignor, and the bill of exceptions states that "the trustee offered and read in evidence an original record from the Federal Court," but fails to set forth such evidence or include it in a duly approved brief of the evidence, assignments of error which complain that (*a*) "holding the case res adjudicata was error," and (*b*) the judgment awarding the fund to the trustee is against law, because it burdens the plaintiff with costs, will not be considered, because such grounds of error depend upon the evidence, and

it appears from the recitals in the bill of exceptions that all of the evidence material to be considered on the questions involved in such assignments of error is not set forth in the bill of exceptions or in a duly approved brief of the evidence.

<em>Judgment affirmed. All the Justices concur.</em>

No. 3043. NOVEMBER 16, 1922.

Equitable petition — intervention. Before Judge Wright. Floyd superior court. October 29, 1922.

*Henry Walker,* for plaintiff in error. *C. I. Carey,* contra.

