26331.   DOLLAR *v.* FRED W. AMEND COMPANY *et al.*

STEPHENS, P. J. 1. "When a motion was made to set aside a verdict on the ground that the defendant—the losing party—was prevented from attending the trial by serious sickness: *Held,* that in such a case it is not necessary to file a brief of the testimony given at the trial, and it may be error in the court to refuse the motion for that reason." *Audulph* v. *Josey,* 44 *Ga.* 605. A motion made by a defendant, whether or not it be denominated a motion for new trial (although it contains assignments of error such as that the verdict is without evidence to support it, etc., which are peculiarly characteristic of motions for new trial), in which also it is moved to set aside the verdict and judgment for the plaintiff, which had been rendered in an attachment case, on the ground that the proceedings in attachment had not been docketed by the clerk of the court as a separate suit, but had been docketed as a part of a common-law suit which the plaintiff had previously filed against the same defendant for the same cause of action, and that the plaintiff's counsel, in the absence of the defendant and the defendant's counsel, had obtained a verdict and judgment in the plaintiff's favor, and the defendant and the defendant's counsel by reason of the mistake in the docketing did not know the attachment case was pending, and were not present when the verdict and judgment were taken, and did not know of the intention of the plaintiff's counsel to take a verdict and judgment in the attachment suit, and that the verdict and judgment were rendered without due notice to the defendant or defendant's counsel, a brief of the evidence adduced on the trial is not essential to a determination of this ground of objection to the verdict and judgment. The motion therefore may be treated as a motion to set aside the verdict and judgment, which does not require a brief of the evidence, and not as a motion for new trial.

2. Where no brief of the evidence was presented for approval or filed with the motion, and no order was passed extending the time for the presen-

tation and filing of the brief of the evidence, but where the court, when granting a rule nisi on the motion, recited in the order that the movant was not required to prepare and present for approval or to file any brief of the evidence, and where the movant afterwards prepared a brief of evidence and presented it for approval, and such brief was approved and ordered filed by the court, although assuming that the brief of evidence was not presented and filed within the time required by law for the filing of briefs of evidence where motions for new trial have been made, and that the order of the court in approving and ordering filed the brief of evidence was illegal and invalid because the presentation and the filing of the brief of evidence were not within the time required by law, the court did not err in sustaining the defendant's motion and setting aside the verdict and judgment for the plaintiff upon the ground that the court erred in overruling the respondent's motion to vacate the order approving the brief of evidence and ordering it filed, or in overruling the respondent's motion to dismiss the motion for new trial on the ground that no brief of the evidence had been filed within the time required by law, and that no order had been taken extending the time within which to present for approval and to file a brief of the evidence.

   *Judgment affirmed. Sutton and Felton, JJ., concur.*
DECIDED NOVEMBER 30, 1937. REHEARING DENIED DECEMBER 17, 1937.

*William A. Thomas,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.