26331. DOLLAR *v.* FRED W. AMEND COMPANY *et al.*

Decided November 21, 1938.

*William A. Thomas, Walter A. Sims,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.

Stephens, P. J. 1. A motion to set aside a verdict and judgment on the general grounds, which are grounds for a motion for

new trial, such as that the verdict is without evidence to support it, and is contrary to law, etc., and also on the ground that the case was tried and the verdict was rendered in the absence of the defendant, or counsel for the defendant, and that the trial was had without due notice to the defendant or defendant's counsel, is based upon grounds not appearing on the face of the record, and is in effect a motion for new trial, and the rules governing such motion are applicable thereto. *Dollar* v. *Fred W. Amend Co.,* 186 *Ga.* 753 (198 S. E. 753), which reversed on certiorari the judgment of the Court of Appeals in this case. *Dollar* v. *Fred W. Amend Co.,* 56 *Ga. App.* 875 (194 S. E. 232). An approved brief of the evidence is a statutory requisite to the validity of a motion for new trial. *Moxley* v. *Georgia Ry. &c. Co.,* 122 *Ga.* 493, 494 (50 S. E. 339) ; *Dollar* v. *Fred W. Amend Co.,* supra, and cit.

2. It is essential to the validity of a motion for new trial, including an extraordinary motion, that the motion be made in term time. *Collier* v. *State,* 115 *Ga.* 17 (41 S. E. 261). It is also essential to the validity of any motion for new trial that the brief of evidence be filed at the term at which the motion is made, unless an order of the court is taken extending the time for the filing of the brief of evidence to a date subsequent to the term. *Reed* v. *Warnock,* 146 *Ga.* 483 (91 S. E. 545) ; *Nichols Contracting Co.* v. *Allen,* 42 *Ga. App.* 306 (155 S. E. 770). See Code, §§ 70-301, 70-302.

3. Where a motion to set aside a verdict and judgment on the ground indicated in paragraph 1 above, which is in effect a motion for new trial, is filed at a term subsequent to the term at which the verdict and judgment are rendered, and is therefore in effect an extraordinary motion for new trial, it is error for the court to provide in the order, when issuing the rule nisi extending the date for the hearing of the motion, that the movant shall not be required to prepare and present for approval or file a brief of the evidence in the case. Where the movant had not presented for approval, and there had not been filed, a brief of the evidence, it was also error for the court, at a term subsequent to the one at which the motion for new trial was filed, to overrule the respondent's motion to dismiss the motion for new trial on the ground that no brief of the evidence had been filed with the motion for new trial; and it was error to approve a brief of the evidence and to allow it to be filed.

It was also error for the court afterwards to overrule the respondent's motion to vacate the order approving the brief of the evidence, on the ground that no order had been taken, during the term at which the motion was filed, extending the time during which the brief of evidence could be filed, and that the court, at a term of court subsequent to the term at which the motion for new trial was filed, was without authority or jurisdiction to approve or order filed the brief of evidence; and error to overrule the respondent's motion to dismiss the motion for new trial on the ground that the motion, in the absence of a valid brief of evidence, was a nullity. The court erred in overruling the respondent's motion to dismiss the motion for new trial, and in sustaining the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*