### 28809.  GARTRELL *v.* THEOBOLD.

DECIDED APRIL 30, 1941.  REHEARING DENIED JUNE 20, 1941.

*Arthur W. Powell,* for plaintiff.

*Gambrell & White, John E. Branch,* for defendant.

GARDNER, J. The bill of exceptions sets forth that Lucy A. Gartrell sued William Theobold for damages. The jury returned a verdict in favor of the defendant on April 17, 1935, when judgment was entered accordingly. The plaintiff moved for a new trial, the motion containing the usual and general provisions, and the order thereon setting a date for a hearing, on or before which a brief of evidence was to be presented for approval. The motion pended until September 21, 1940, on which date it came on for disposition. No brief of evidence was tendered to the court for

approval, and on motion of the defendant the motion for new trial was dismissed. Later, on October 11, 1940, a brief of evidence was approved by the judge over objection of the defendant.

It thus appears that at the time the motion for new trial was dismissed no brief of evidence had been approved. The record reveals that the grounds of the motion were the general grounds only. After the motion had been dismissed, the judge was without authority of law to approve a brief of evidence so as to make it a part of the record. There being no brief of evidence, the motion to dismiss the writ of error is well taken. The order expressly limited the day for the brief of evidence to be tendered. This was not done within the time specified. It has been held many times by this court and the Supreme Court that a brief of evidence is essential to the consideration of the errors complained of in a motion for new trial based on the general grounds. Code, § 70-302, provides to this effect. *Cass* v. *Harrell,* 102 *Ga.* 590 (27 S. E. 726) ; *Dollar* v. *Fred W. Amend Co.,* 186 *Ga.* 717 (198 S. E. 753) ; s. c. 58 *Ga. App.* 797 (199 S. E. 845) ; *Morris* v. *Gilham-Schoen Electric Co.,* 40 *Ga. App.* 649 (150 S. E. 924) ; *Nichols Contracting Co.* v. *Allen,* 42 *Ga. App.* 306 (155 S. E. 770) ; *Blount-Hudson Chevrolet Co.* v. *Blount,* 55 *Ga. App.* 864 (191 S. E. 875), and cit.

It follows that the writ of error will be

*Dismissed. Broyles, C. J., and MacIntyre, J., concur.*

### ON MOTION FOR REHEARING.

GARDNER, J. The movant relies on, and strenuously urges that this court overlooked the decision in *Central Railroad & Banking Co.* v. *Pool,* 95 *Ga.* 410 (22 S. E. 631), in dismissing this case. The facts in the two cases are in no wise similar. In the case at bar the brief of evidence was not presented for approval nor approved until approximately twenty days after the final order dismissing the motion for new trial. By this judgment the trial court lost jurisdiction of the case, and could not thereafter legally approve the brief of evidence. Were this not so there would be no limit from which we could consider closed the record on a motion for new trial. In the *Pool* case the brief of evidence was presented on the date set for the hearing of the motion for new trial, but it was not approved by the judge. The judge did not pass on the motion for new trial at that time at all. It was left

pending. The brief of evidence was filed, but not approved. The unapproved brief of evidence served "to the extent of keeping it [the motion] alive and capable of subsisting until the final hearing." This decision does not hold that an unapproved brief of evidence, or a desire to file a brief in the future, or the filing and approval, could resurrect a motion for new trial which died in so far as the trial was concerned, by the process of a final order dismissing the motion for lack of a brief of evidence to sustain it.

*Motion denied. Broyles, C. J., and MacIntyre, J., concur.*