## 32496. SIEGEL v. THE STATE.

GARDNER, J. (a) There is no brief of evidence attached to the motion for a new trial. This being true, so far as the general grounds of the motion are concerned, the case must be affirmed.

(b) There are two questions of law presented and insisted upon under the record. They are: (1) When the case was called for trial, the attorney for the defendant before pleading to the merits made an oral request of the court as follows: "I ask that the case be continued until tomorrow. I have a bad cold and don't feel like going into the case this afternoon. If I am not able to try it in the morning, I will get my brother, Bill, to help me. I would like to state in place, for the record, that I have stated to the court that I don't feel like trying the case." The Code, § 81-1419, provides: "All applications for continuances are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused as the ends of justice may require. In all cases the presiding judges may, in their discretion, admit a counter-showing to a motion for a continuance, and, after a hearing, may decide whether the motion shall prevail." When counsel personally makes a motion for continuance on account of his own illness, the court may take into consideration his physical appearance and all circumstances which may appear regarding the court's judgment as to the physical condition of such attorney, and where, as here, the motion is overruled, this court will not reverse the judgment of the lower court unless it clearly appears that the court abused its discretion. See Dale v. Beasley, 141 Ga. 594 (1) (81 S. E. 849). Counsel who made the motion in the instant case conducted the trial of the case to a conclusion. While, in the case above cited, it is stated that the court certified that the case was managed by counsel with his usual ability, it is our opinion that the judgment of the court overruling the motion for a new trial as to this ground amounts to a certification from the trial court that counsel in the instant case conducted it to a conclusion "with his usual ability." There is nothing in the record to show to the contrary. The motion here was not a formal one and was in the nature of a request. Since there is no brief of evidence set out, this court can not say as a matter of law that the court abused its discretion in denying the request of counsel for a continuance. See, in this connection, Rawlins v. State, 124 Ga. 31 (19) (52 S. E. 1), which reads as follows: "A motion for continuance on account of the illness of counsel, like all other motions of the same nature, is addressed to the sound discretion of the trial judge. When counsel whose illness is the ground

of the motion is himself in court presenting and urging the motion, the court is authorized, in the determination of the question whether the condition of counsel is such that the interests of justice demand a postponement of the case, to take into consideration the general appearance of counsel and the mental and physical vigor displayed in the presentation of the motion; and when such a motion is overruled, this court may take into consideration what appears in the record as to the manner in which counsel conducted the case, in determining whether there has been such an abuse of discretion in refusing the continuance as to require a reversal of the judgment. In the present case it does not appear there was any abuse of discretion in refusing to continue the case." This principle has been decided many times by this court and the Supreme Court. Counsel for the defendant call our attention to *Thompson* v. *Hays,* 119 *Ga.* 167 (1) (45 S. E. 970). The facts in that case differentiate it from those in the instant case, as will be observed. In that case, counsel stated in his place "that he was too unwell to attend to any business, and could not possibly go to trial on this account." Counsel did not participate in the trial of that case, and the trial proceeded in the absence of such counsel. This ground is without merit. (2) The other assignment of error is on the following excerpt from the charge of the court: "If you find the defendant not guilty, you will give him the benefit of the doubt and acquit him, and the form will be, 'We, the jury, find the defendant not guilty.'" It is contended that such excerpt from the charge was erroneous and not sound as an abstract principle of law. When we view the charge as a whole, we find that the court charged the jury substantially that the burden was upon the State to prove all the material allegations in the accusation, and beyond a reasonable doubt; that the defendant entered upon the trial with the presumption of innocence in his favor; and that this presumption remained with him throughout the trial or until sufficient evidence had been introduced to satisfy the minds of the jury beyond a reasonable doubt. The court then explained that a reasonable doubt was one that may arise from the evidence or the lack of it; the court fully and correctly charged as to the right of the defendant to make a statement in his defense, and the effect of such statement; the court then stated that, if the jury, after considering all the facts and circumstances detailed to them from the witness stand, including the defendant's statement, believed the defendant guilty, they might find so according to a form of verdict which the court gave them. Then it was that the court in conclusion gave the excerpt on which error is assigned here. The language here might have been inapt. ·The particular argument of counsel for the defendant is that a proper charge in a criminal case is that, if the jury is not satisfied beyond a reasonable doubt or if it has a reasonable doubt of the guilt of the defendant, then the defendant should be acquitted. When we view the charge as a whole, we find that the excerpt from the charge is the same, in substance and principle, as that contended for by the defendant's counsel. We can not see how any harm could have been done him by the excerpt complained of, when we view it in the light of the entire charge. Counsel for the defendant states that he has searched the decisions of this court and the Supreme Court

and has been unable to find a record of any such charge as is complained of in this ground. We have been unable to find any decision of either this court or the Supreme Court where this or a similar charge would be cause for a reversal. It might be possible that some wording in the excerpt complained of is surplusage in view of the whole charge. We are inclined to think, however, that it is more beneficial than harmful to the defendant. There is no reversible error in this ground.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED MAY 21, 1949. REHEARING DENIED JUNE 10, 1949.

*Walter W. Aycock, I. L. Mundy, W. W. Mundy Jr.,* for plaintiff in error.

*J. Brantley Edwards, Solicitor,* contra.