## 32783. WHITNER v. WHITNER, executrix.

TOWNSEND, J. Under the Code (Ann. Supp.) § 70-301.1 (Ga. L. 1947, p. 298), a brief of the evidence shall not be required to be filed with any motion for a new trial where the assignments of error made in the motion for a new trial, or the amended motion for a new trial, do not require the consideration by the court of the evidence in said case. However, where, as here, the bill of exceptions assigns error on the overruling of special demurrers to an amendment to the answer, and where a motion for a new trial is based on the general grounds only, and contains no brief of evidence· in connection therewith, this court must consider whether the error in overruling the special· demurrers on the part of the trial court was harmful to the plaintiff in error. Where, independently of the allegations contained in the pleadings attacked, the evidence would have demanded a finding in favor of the defendant, the erroneous ruling of the trial court would not be grounds for the reversal of the case. See *Duke* v. *Brown*, 113 *Ga*. 310, (11) (38 S. E. 764); *Scott* v. *Holden*, 69 *Ga. App*. 615 (26 S. E. 2d, 456); *Smith* v. *Ætna Ins. Co.*, 58 *Ga. App*. 711 (199 S. E. 557). The burden of showing not only error but harm resulting therefrom is upon the movant. *First National Bank* v. *American Sugar Rfg. Co.*, 120 *Ga*. 717 (48 S. E. 326); *Herrington* v. *Moore*, 45 *Ga. App*. 636 (165 S. E. 867). If the appellant could not have recovered in any case, a reversal will not be granted because of an erroneous ruling. *Ricks* v. *Redwine*, 73 *Ga*. 273 (2-a). It is therefore essential to a review of the questions raised in the instant case to determine whether or not the errors complained of would authorize a reversal, and to decide this point the court must first determine whether or not the verdict would in any event have been demanded by the evidence. An approved brief of the evidence must be looked to for the purpose of deciding if the verdict was so demanded. See *Huguley* v. *Huguley*, 204 *Ga*. 692, 697 (51 S. E. 2d, 445). It follows that since a brief of the evidence is necessary to determine this question in the instant case, the bill of exceptions, which fails to specify the same,. is fatally defective and must be dismissed on motion.

*Writ of error dismissed. MacIntyre, P. J., and Gardner, J., concur.*

DECIDED JANUARY 13, 1950. REHEARING DENIED FEBRUARY 9, 1950.

832

*Poole, Pearce & Hall,* for plaintiff in error.
*Nall & Sterne, Walter G. Cooper,* contra.