WHITNER *v.* WHITNER, executrix.

No. 17066. MAY 11, 1950. REHEARING DENIED JULY 13, 1950.

*Poole, Pearce & Hall,* for plaintiff.

*Nall & Sterne* and *Walter G. Cooper,* contra.

ALMAND, Justice. At the time of the passage of the act of 1947 (Ga. L. 1947, p. 298), there was a well-established rule that, where an appellate court, in the review of a judgment denying a motion for a new trial, is called upon to pass on exceptions pendente lite complaining of the overruling of special demurrers, it may look to the evidence in the record to determine (a) Whether or not any harm resulted to the complainant by reason of the ruling, and (b) whether the evidence demanded the verdict rendered; and if the ruling, though erroneous, was harmless, the judgment on demurrer would not be reversed. *Hudgins Contracting Co. v. Redmond,* 178 *Ga.* 317 (4) (173 S. E. 135); *Harris v. Neuman,* 183 *Ga.* 398 (3) (188 S. E. 689); *Aycock v. Williams,* 185 *Ga.* 585 (1b) (196 S. E. 54); *Jacobs v. Rittenbaum,* 193 *Ga.* 838 (4) (20 S. E. 2d, 425). The statute of 1947 in no wise attempted to limit the right of this court or the Court of Appeals to examine and determine for itself whether the record contains all the factual information that is necessary for a correct determination of the errors complained of; but the act expressly provides that, where no evidence is in the record, the court shall not be required to pass upon any assignments of error contained in the bill of exceptions which require a consideration of the evidence.

100

In this case, the Court of Appeals had before it a bill of exceptions containing two assignments of error, one assigning error on the overruling of special demurrers to an amendment of the defendant's plea and answer, and .the other complaining of the order of the trial judge dismissing the motion for a new trial based on the general grounds only. It appears from the record that the amendment to the answer was filed and allowed at the conclusion of the evidence and before verdict. Several paragraphs of this amendment referred to the evidence or lack of evidence, and the legal conclusions pleaded referred to the evidence or lack of the same. The Court of Appeals, on motion of the defendant, dismissed the writ of error, and held that, in view of the assignments of error on the overruling of the special demurrers, a consideration of the evidence was necessary in order to determine whether this ruling was harmful. On the record before us, we cannot say that the Court of Appeals erred in its determination that a brief of the evidence adduced at the trial was necessary for a proper determination of the errors assigned on the overruling of the special demurrers.

However, the proper disposition of the case would have been to affirm the judgment of the trial court, and not to dismiss the writ of error. *Price* v. *Price,* 122 *Ga.* 321 (50 S. E. 91) ; *Pierce* v. *Felts,* 146 *Ga.* 716 (92 S. E. 212) ; *McBurnett* v. *Huff,* 154 *Ga.* 452 (3) (114 S. E. 578) ; *White* v. *Hornsby,* 191 *Ga.* 462 (2) (12 S. E. 2d, 875).

The judgment of the Court of Appeals is reversed on the sole ground that, having determined that a brief of the evidence was necessary to a consideration of the assignments of error on the exceptions pendente lite, it should have entered a judgment of affirmance, and not an order dismissing the writ of error.

*Judgment reversed. All the Justices concur.*