FOSTER, sheriff, *v.* JONES.

No. 17530. SUBMITTED JULY 10, 1951—DECIDED SEPTEMBER 10, 1951.

*Harold Sheats, C. E. Moore,* and *E. L. Fowler,* for plaintiff in error.

*Harris, Henson, Spence & Gower,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Formerly a brief of evidence was essential to the validity of any motion for new trial. *Moxley* v. *Georgia Railway & Electric Co.,* 122 *Ga.* 493 (50 S. E. 339). This rule was modified by the act of 1947, p. 298 (Code, Ann. Supp., § 70-301.1) which provides as follows: "A brief of the evidence shall not be required to be filed with any motion for new trial where the assignments of error made in the motion for new trial, or the amended motion for new trial, do not require the consideration by the court of the evidence in said case, and should such assignments of error require the consideration of any portion of the evidence in the case, the failure of the movant to file a brief of the evidence, properly approved as required by law, shall be held and deemed a waiver of all such grounds of the original or amended motion for new trial, and neither the trial court, upon the hearing of said motion, nor the appellate court, upon a review of the ruling of the trial court thereon, shall be required to pass upon any assignment of error which may be made involving a consideration of the evidence, but shall only be required to pass upon all questions of law made which do not require a consideration of the evidence in the case, such as disqualification of the judge or jurors, rulings of the court preserved by exceptions pendente lite upon the pleadings or motions made in the case which do not require a consideration of the evidence, and like questions, the specifications above being illustrative and not exclusive."

This section was placed in the new rules of procedure to eliminate the useless requirement of incorporating a brief of evidence as a necessary part of the motion when no question as to the evidence adduced upon the trial was germane to the consideration of the error assigned. Where the motion complains of various errors, some requiring the consideration of evidence and others not so doing, then, in the absence of a brief of evidence, neither the trial court nor this court will consider those alleged

errors which necessitate a consideration of the evidence, but will confine its rulings to such assignments of error as require no consideration of the evidence. However, if each and every ground of the motion for new trial requires the consideration of evidence, and no brief of evidence is filed, then it is not a valid motion and there is nothing presented to the trial court to pass upon.

In the instant case, the first two grounds clearly require consideration of the evidence, but it is insisted that the third ground, to wit, "The verdict is contrary to law and the principles of justice and equity," does not. This is a part of Code § 70-202 which reads: "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the presiding judge may grant a new trial before another jury." We construe the ground of the motion asserting "The verdict is contrary to law and the principles of justice and equity" as a general assignment of error covering any or all of the various errors likely to occur in the trial, as such would be contrary to the well-established rule requiring specific assignments of error in motions for new trials. When this phrase is read in connection with the entire Code section, it is clear that the "justice and equity" there mentioned refers only to an unjust and inequitable verdict as predicated upon the evidence. So, therefore, this ground of the motion requires a consideration of the evidence.

Each ground of the motion being based on a question that required the consideration of the evidence, and no brief of evidence having been filed, the rule existing prior to the passage of the new rules of procedure (Ga. L. 1947, p. 298) is still applicable, as that act did not abrogate the necessity of filing a brief of evidence except in cases where the assignment of error required no consideration of the evidence.

The order attempting to grant the motion for new trial was void because, in the absence of a brief of evidence, there was no motion for new trial in existence. *Firemen's Insurance Co. v. Oliver*, 176 *Ga.* 80 (167 S. E. 99) ; *Stowers* v. *Harris*, 194 *Ga.* 636 (5), (22 S. E. 2d, 405).

Accordingly, the trial court did not err in overruling the demurrer and in granting the rule absolute.

*Judgment affirmed. All the Justices concur.*