34893, 34894. DANIEL *v.* ATLANTA NEWSPAPERS, INCORPORATED; and *vice versa.*

Decided March 11, 1954—Rehearing denied April 2, 1954.

*Wm. A. Thomas,* for plaintiff in error.

*Arnold & Gambrell,* contra.

FELTON, C. J. ■ The court did not err in sustaining the demurrers to and in striking paragraphs 3 through 8 of the first amendment and in striking the last amendment. The only logical and reasonable interpretation that can be given to the court's overruling of the general demurrer, in view of its striking the paragraphs of the amendment, is that the petition alleged a good cause of action as to whether or not the plaintiff was properly discharged without severance pay under the employment contract. This ruling restricted the issues to those of whether the plaintiff was guilty of drunkenness, and whether the phrase, "repeated drunkenness after warning," meant one or more than one case of drunkenness after warning, if the plaintiff was found guilty of drunkenness. With the issues so restricted, the allegations concerning the grievance committee and the joint stand-

ing committee became immaterial, and the activities of the parties relative to these committees were of no consequence in the case. For this reason the court did not err in striking on demurrer paragraphs 4 through 8 of the first amendment and in striking the last amendment. These rulings were actually favorable to the plaintiff because they relieved him of showing that the dispute as to the meaning of the phrase, "repeated drunkenness after warning," was, as provided by the contract, submitted to the joint standing committee for its interpretation, or that he was, through no fault of his own, prevented from obtaining a decision from that committee, and enabled him to make out his case without showing that he had exhausted his contractual remedies. As to paragraph 3 of the first amendment, the plaintiff contends that, even though the defendant gave as the reason for dismissal and refusal to grant severance pay, repeated drunkenness after warning, its own letter stating this reason refutes the reason, in that the letter showed that the defendant had granted the plaintiff credit for two weeks' pay which, under the contract, was not allowable to an employee who was discharged for dishonesty, repeated drunkenness after warning, gross neglect of duty, or gross insubordination. The contention is without merit and the paragraph was properly stricken. The defendant could give two weeks' notice with pay in case of dismissal for one of the above-named reasons, even though under the contract it did not have to do so, and its gratuitously doing so would not render untrue or estop the defendant to deny its stated reason for dismissal.

■ The plaintiff in error in the main bill of exceptions contends that the court erred in dismissing his original motion for a new trial, which contained only general grounds. The court dismissed the motion because there was no brief of evidence filed with the motion. The general grounds of a motion for new trial cannot be considered where there is no brief of evidence. *Blount-Hudson Chevrolet Co.* v. *Blount,* 55 *Ga. App.* 864 (191 S. E. 875); *Gartrell* v. *Theobold,* 65 *Ga. App.* 161 (15 S. E. 2d 470); *Siegel* v. *State,* 79 *Ga. App.* 410 (53 S. E. 2d 686); *Foster* v. *Jones,* 208 *Ga.* 320 (66 S. E. 2d 743). The court did not err in dismissing the motion for new trial.

■ Error is assigned on the court's failure to certify exceptions

pendente lite, excepting to the failure to allow an amendment to the motion for new trial. The proffered amendment contained ·three special grounds, two of which complained of the refusal of the court to allow certain evidence, and the other complained of the failure to give without request a certain charge. Neither a brief of evidence nor a copy of the charge was attached to the amendment. For the reasons stated in division 2 above, no harm is shown in the alleged error of the court in refusing to certify the exceptions pendente lite to the refusal to approve the amendment to the motion for a new trial.

Error is assigned on the overruling of certain demurrers to the defendant's answer. Before this court can say that such ruling was harmful to the plaintiff in error, an examination of the evidence is necessary to determine whether, independently of the allegations contained in the pleading attacked, the evidence would have demanded a verdict for the defendant. *Whitner* v. *Whitner*, 80 *Ga. App.* 831 (57 S. E. 2d 458); s.c., 207 *Ga.* 97 (60 S. E. 2d 464). There being no brief of evidence in the record, we cannot say that such ruling was harmful.

The cross-bill of exceptions is dismissed. Code § 6-901.

The court did not err in sustaining the demurrers to and in striking paragraphs 3 through 8 of the amendment to the petition, in striking the last amendment, in overruling the demurrers to the answer, in dismissing the motion for new trial, or in failing to certify the exceptions pendente lite.

The judgments heretofore rendered in these cases are vacated; judgments in the main bill of exceptions are affirmed and the cross-bill of exceptions is dismissed. The opinion heretofore rendered in these cases is withdrawn, and the above opinion is substituted in lieu thereof.

*Quillian and Nichols, JJ., concur.*