### 35433. WELFARE FINANCE COMPANY *v.* CORBIN.

CARLISLE, J. 1. "Formerly a brief of evidence was essential to the validity of any motion for new trial. *Moxley* v. *Georgia Railway & Electric Co.,* 122 *Ga.* 493 (50 S. E. 339). This rule was modified by the act of 1947, p. 298 (Code, Ann. Supp., § 70-301.1). . . This section was placed in the new rules of procedure to eliminate the useless requirement of incorporating a brief of evidence as a necessary part of the motion when no question as to the evidence adduced upon the trial was germane to the consideration of the error assigned. Where the motion complains of various errors, some requiring the consideration of evidence and others not so doing, then, in the absence of a brief of evidence, neither the trial court nor this court will consider those alleged errors which necessitate a consideration of the evidence, but will confine its rulings to such assignments of error as require no consideration of the evidence. However, if each and every ground of the motion for new trial requires the consideration of evidence, and no brief of evidence is filed, then it is not a valid motion and there is nothing presented to the trial court to pass upon." *Foster* v. *Jones,* 208 *Ga.* 320 (66 S. E. 2d 743).

2. Where the evidence would have demanded a finding in favor of the defendant in error, an erroneous charge to the jury would not be ground for the reversal of the case. *Smith* v. *Aetna Insurance Co.,* 58 *Ga. App.* 711 (199 S. E. 557). The burden of showing not only error but harm resulting therefrom is upon the movant; and if the movant could not have recovered in any event a reversal will not be granted because of an erroneous charge. It is, therefore, essential to a review of the errors assigned upon a charge to determine whether or not the errors complained of would, if error, work a reversal of the case, and to decide this point the court must first determine whether or not the verdict would in any event have been demanded by the evidence. For that purpose an approved brief of evidence must be looked to. *Whitner* v. *Whitner,* 80 *Ga. App.* 831 (57 S. E. 2d 458), and citations; *Whitner* v. *Whitner,* 207 *Ga.* 97 (60 S. E. 2d 464).

3. Under an application of the foregoing rules of law to the facts of the present case, the trial court did not err in denying the motion for a new trial, based on the usual general grounds and three special grounds, which complain of certain excerpts from the court's charge to the jury, as no brief of evidence was attached to or made a part of the motion.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 9, 1955.

*J. Norwood Jones, Jr.,* for plaintiff in error.·
*Frank A. Bowers,* contra.