20888. BRANTLEY v. THOMPSON.
20889. BRANTLEY v. HURST *et al.*

CANDLER, Justice. These two processioning proceedings were tried in the Superior Court of Ware County, and resulted in verdicts for the protestants. In each of them the trial judge denied a motion for judgment notwithstanding the verdict, and on motion therefor refused a new trial. Such judgments were entered on August 13, 1959, and in each case a bill of exceptions was presented to and accepted by the clerk of the trial court, who endorsed on each the following official entry: "Tendered September 11th 1959"; and such entries were signed by him in his official capacity as clerk of said court. The trial judge certified each bill of exceptions to be true on September 30, 1959, and the writs of error were made returnable to the Court of Appeals. That court dismissed the cases for want of its jurisdiction to review them on the ground that each bill of exceptions was certi-

fied by the judge · more than 30 days after the judgments excepted to were rendered, and it does not affirmatively appear from the bill of exceptions or from the judge's certificate that he was absent from his circuit on the day the bill of exceptions was tendered to the clerk, and there is no presumption that the judge was absent from his circuit at such time. *Brantley v. Thompson,* 101 Ga. App. 257 (114 S. E. 2d 60). The cases came to this court on certiorari to the Court of Appeals. *Held:*

These cases present only one question for decision by this court, namely, were the bills of exception timely certified by the trial judge? The Court of Appeals held that they were not and accordingly dismissed the writs of error. These holdings were erroneous. We judicially know that Ware County is in the Waycross Judicial Circuit, and that Honorable Cecil Roddenberry was the only Judge of the Superior Courts of that circuit on September 11, 1959, and on that day, as the record shows, counsel for the plaintiff in error in each of these cases presented a bill of exceptions to Erin W. Johnson, as the Clerk of Ware County Superior Court, who at such time endorsed on each the following entry: "Tendered, September 11, 1959", and signed such entries in his official capacity. The record also shows that Judge Roddenberry certified each such bill of exceptions to be true on September 30, 1959, and caused such writs of error to be transmitted to the Court of Appeals. So far as it applies to the questions presented for decision in these cases, Code (Ann.) § 6-902 provides: "Bills of exception shall be tendered to any judge authorized by law to certify them within 30 days from the date of the decision complained of. . . If in any case, no judge authorized by law to certify a bill of exceptions is within the circuit where the case is pending . . . at the time when a bill of exceptions must be tendered, the party desiring to tender the said bill of exceptions, or his counsel, may present the bill of exceptions to the clerk of the court in which the cause is pending. He shall mark the bill of exceptions 'Tendered' with the date and hour of tender, and retain it until the judge of the superior court shall have returned to the circuit . . . at which time the clerk shall present or deliver it to the judge for certification. If a bill of exceptions is true, and contains, in connection with the transcript of the record, all the facts necessary to the under-

standing and adjudication of the alleged error, the judge shall sign and certify the same within 10 days from the date he received it, unless returned to counsel for plaintiff in error for correction thereof as provided by law." In dismissing these cases the Court of Appeals based its action entirely on the proposition that neither the bills of exception nor the certificates thereto affirmatively show that Judge Roddenberry was absent from his circuit when such bills of exception were presented to the Clerk of the Superior Court of Ware County, and that there is no presumption that he was so absent at that time. That portion of Code (Ann.) § 6-902 which we have quoted above authorized and empowered the Clerk of the Superior Court of Ware County to accept and mark "Tendered" these bills of exception only when Judge Roddenberry was actually absent from his circuit; and until the contrary appears, it will be conclusively presumed that such clerk, as a public officer, not only acted within the scope of his legal authority but acted properly in the performance of such duty and only when authorized so to act. See Code § 38-118; *Truluck v. Peeples,* 1 Ga. 3; *Hogg v. City of Rome,* 189 Ga. 298, 302 (6 S. E. 2d 48); *Town of McIntyre v. Scott,* 191 Ga. 473, 476 (12 S. E. 2d 883); *New Mission Baptist Church v. City of Atlanta,* 200 Ga. 518, 523 (37 S. E. 2d 377). The *Truluck* case, supra, was the first case decided by this court, and it was there said: "It is presumed, until the contrary is proved, that every man obeys the mandates of the law, and performs all his *official* and *social* duties." In these cases there is nothing in the record showing or tending to show that Judge Roddenberry was in his circuit when these bills of exception were tendered to the clerk, and by giving full effect to the presumption that such clerk acted only within the scope of his legal authority, it necessarily follows that the bills of exception in these cases were timely certified by the trial judge. Hence the judgments rendered by the Court of Appeals which are here complained of are erroneous.

*Judgments reversed. All the Justices concur.*

SUBMITTED JUNE 13, 1960—DECIDED JULY 7, 1960.

*Ben A. Hodges,* for plaintiff in error.
*Garrett & McDonald,* contra.