## 38704. RAILEY v. THE STATE.

FRANKUM, Judge. 1. The purported brief of evidence in the instant case includes objections to evidence, arguments on objections, colloquies between counsel and the court, and rulings of the trial judge. Apparently, the purported brief of evidence consists of the complete transcript of the trial. "This court has repeatedly held that the stenographic report of the trial of the case may be used in place of a brief of the evidence, provided 'immaterial questions and answers and parts thereof' be stricken, and that the word 'stricken' means eliminated from the record in this court, and not merely stricken with a pen, or crossed out with a typewriter, and left in the record." *Moore v. Moore,* 215 Ga. 47 (3), 48 (108 S. E. 2d 704), and cases cited. There has been no bona fide attempt to comply with the requirements of *Code Ann.* §§ 6-813 and 70-305. Therefore, this court will not pass upon any assignment of error which requires reference to the purported brief of evidence. *Woods v. State,* 102 Ga. App. 762 (117 S. E. 2d 884).

2. The questions presented in this appeal are made by the usual general grounds and five special grounds of the motion for a new trial, all of which require reference to and consideration of the purported brief of evidence. Therefore, no question is properly presented for review, and the judgment must be affirmed.

*Judgment affirmed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*

DECIDED MARCH 6, 1961—REHEARING DENIED MARCH 28, 1961.

*James E. Weldon,* for plaintiff in error.
*Wright Lipford, Solicitor-General,* contra.

ON MOTION FOR REHEARING.

The plaintiff in error, in his motion for a rehearing, contends that it is not necessary to refer to the purported brief of evidence in order to pass upon the merits of special grounds 1 and 2 of his motion for a new trial. With this contention we do not agree. In the event there should be error with reference to the charge of the court, such error would not be cause for the grant of a new

trial if the verdict of guilty was the only proper verdict which could have been rendered in the case, and to determine this question, it would be necessary to peruse the evidence.

"Where the evidence would have demanded a finding in favor of the defendant in error, an erroneous charge to the jury would not be ground for the reversal of the case. *Smith v. Aetna Insurance Co.*, 58 Ga. App. 711 (199 S. E. 557). The burden of showing not only error but harm resulting therefrom is upon the movant; and if the movant could not have recovered in any event a reversal will not. be granted because of an erroneous charge. It is, therefore, essential to a review of the errors assigned upon a charge to determine whether or not the errors complained of would, if error, work a reversal of the case, and to decide this point the court must first determine whether or not the verdict would in any event have been demanded by the evidence. For that purpose an approved brief of evidence must be looked to. *Whitner v. Whitner*, 80 Ga. App. 831 (57 S. E. 2d 458), and citations; *Whitner v. Whitner*, 207 Ga. 97 (60 S. E. 2d 464)." *Welfare Finance Co. v. Corbin*, 91 Ga. App. 485 (2) (85 S. E. 2d 819); *Guthrie v. State*, 37 Ga. App. 151 (139 S. E. 157), and cases cited therein.

However, reference to the charge shows that the court did charge the jury the essential elements of the crime of abandonment of an illegitimate child, and that the plaintiff in error should be acquitted unless such elements should be proven beyond a reasonable doubt. *Smith v. State*, 63 Ga. 168; *Brock v. State*, 54 Ga. App. 403 (187 S. E. 906); *Rimes v. State*, 7 Ga. App. 556 (67 S. E. 223).