38754. GEORGIA MACHINERY COMPANY, INC. v. AUBURN MACHINE WORKS, INC.

FELTON, Chief Judge. 1. In this action in the Civil Court of Fulton County the court did not err in sustaining the plaintiff's demurrer to so much of the answer and counter-claim of the defendant as sought to set off an action ex delicto against the plaintiff's action which was based on the breach of a contract, where the counter-claim sought not only to defeat the plaintiff's claim but to obtain affirmative relief in addition thereto. *Holloway v. Dorsey*, 72 Ga. App. 1 (32 S. E. 2d 858); *Overstreet v. Schulman*, 77 Ga. App. 320 (48 S. E. 2d 474); *Porter v. Davey Tree-Expert Co.*, 34 Ga. App. 355 (3) (129 S. E. 557); *Hecht v. Snook & Austin Furniture Co.*, 114 Ga. 921 (41 S. E. 74); *Jones v. George S. Riley, Jr., Co.*, 14 Ga. App. 84 (80 S. E. 341).

2. The court did not err in sustaining the plaintiff's demurrers to the defendant's cross-action, which merely generally denied the allegations of the petition as to indebtedness on the contract sued on. These were general denials and no plea of non est factum was filed.

3. The court erred in sustaining the plaintiff's demurrer to that part of the answer which denied that the notice to claim attorney's fees was given to the defendant. *Jones v. Lawman*, 56 Ga. App. 764, 774 (194 S. E. 416). However, this error of the court would not require a reversal of the judgments, inasmuch as the record does not show that the ruling was harmful to the defendant under the circumstances of this case. The defendant excepts to the overruling of its motion for a new trial on the general grounds which raises the presumption that the case was tried by a jury. There is no brief of evidence accompanying the motion for a new trial and in the absence of such a brief it will be presumed that sufficient evidence was introduced to authorize the finding that the notice to claim attorney's fees was given to the defendant. *Foster v. Jones,*

208 Ga. 320 (66 S. E. 2d 743); *Whitner v. Whitner*, 80 Ga. App. 831 (57 S. E. 2d 458); *Daniel v. Atlanta Newspapers*, 89 Ga. App. 895 (81 S. E. 2d 547). Since no harmful error is shown in any of the rulings by the trial judge, the judgments of the trial court striking the defendant's answer and cross-action and in overruling the defendant's motion for a new trial are affirmed.

*Judgments affirmed. Nichols and Bell, JJ., concur.*

DECIDED APRIL 4, 1961—REHEARING DENIED APRIL 27, 1961.

*John L. Respess, Jr.,* for plaintiff in error.

*Crenshaw, Hansell, Ware, Brandon & Dorsey, Harry V. Lamon, Jr., Frank T. Cash,* contra.

ON MOTION FOR REHEARING.

The plaintiff in error in its motion for rehearing contends that its plea and answer seek to accomplish two things: (1) To defeat the plaintiff's claim, and (2) To obtain affirmative relief in damages in addition thereto. Even if the plaintiff in error had sought to accomplish the two named purposes, each separate and distinct from the other, and the separate effort to merely defeat the plaintiff's claim could be held to be warranted, no such separate and distinct purposes appear in the plea and answer. The one single claim of damage made by the plaintiff in error seeks to cancel the balance alleged by the plaintiff to be due on the contract sued on and to apply the balance of the damage claimed to an affirmative judgment in favor of the plaintiff in error. This question is specifically ruled upon in *Porter v. Davey Tree-Expert Co.*, 34 Ga. App. 355, supra. This point in the motion for rehearing is without merit.

There is another question raised by the citation of the case of *Norton v. Graham*, 130 Ga. 391 (60 S. E. 1049). Upon first reading this case one might think that it was the intention of the court to rule that in the case of recoupment a defendant could set off a tort against a contract and obtain affirmative relief in a court of law. We do not believe that this was the court's intention, for the reason that the defense in that case was based on a failure of consideration. In spite of the mention

in the decision of a false and fraudulent representation, we do not think that the court intended to say that in a case of recoupment a defendant could set off a tort against a contract and obtain affirmative relief in a court of law. As indicated, this question also seems to have been settled by the case of *Porter v. Davey Tree-Expert Co.*, 34 Ga. App. 355, supra. In the consideration of this motion we have gone to considerable trouble in reading a large number of cases and our research has not resulted in the discovery of any decision which is contrary to the ruling in the *Porter* case. Thus it would seem that under *Code* §§ 20-1313 and 20-1314, the rule as to setting off a tort claim against a contractual claim, and obtaining affirmative relief in a court of law, is the same where the counter-claim is based on recoupment as it is in cases where the counter-claim is based on setoff.

*Motion for rehearing denied.*