## 39518. WYNE v. THE STATE.

FRANKUM, Judge. The purported brief of evidence in the instant case includes objections to evidence, arguments on objections, colloquies between counsel and the court, rulings of the court, motions and lengthy arguments in support thereof. Such matters have no place in a brief of evidence.

Since there has been no bona fide attempt to comply with *Code Ann.* § 70-305, and none of the grounds of the motion for a new trial can be passed upon without reference to the purported brief of evidence, this court will affirm the judgment of the court overruling the defendant's motion for a new trial. *Woods v. State,* 102 Ga. App. 762 (117 SE2d 884); *Railey v. State,* 103 Ga. App. 409 (119 SE2d 287). Cf. *Cartwright v. Commercial Credit &c. Corp.,* 103 Ga. App. 480 (119 SE2d 606).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED JUNE 26, 1962—REHEARING DENIED JULY 9, 1962.

*James H. Fort,* for plaintiff in error.
*W. B. Skipworth, Jr., Solicitor,* contra.

JORDAN, Judge, concurring specially. I concur in the opinion as written since the brief of evidence is subject to the criticisms made. However, *Code Ann.* § 70-305 is for the benefit of the court and should be used, in my opinion, only where an undue burden is placed on the court by such irrelevant matter, and even less strictly applied in criminal cases.