## 39786. MORROW v. AMERICAN TIRE COMPANY.

EBERHARDT, Judge. 1.(a) Where the bill of exceptions is tendered to the clerk of the court and so marked by him within 30 days of the order appealed from, it is not necessary under *Code Ann.* § 6-902, as amended, that the certificate of the trial judge affirmatively recite that he was temporarily absent from the circuit for the reason that the clerk of court, who is without authority to accept a tender unless the judge is unavailable as provided in the statute, is presumed to have performed his official duty. *Brantley v. Thompson,* 216 Ga. 164 (115 SE2d 533), reversing 101 Ga. App. 257 (114 SE2d 60), and, sub silentio, overruling *State Highway Dept. v. Strange,* 100 Ga. App. 649 (112 SE2d 285), *State Highway Dept. v. Collins,* 100 Ga. App. 755 (112 SE2d 626), and *Moss v. Moss,* 101 Ga. App. 237 (113 SE2d 415). The fact that the bill of exceptions here shows the trial judge was acting *pro hac vice* and actually resided out of the county supports this conclusion.

(b) The fact that the clerk marked the bill of exceptions "Tendered. This July 25th, 1962," without noting the hour of tender does not require a dismissal of the writ of error even though *Code Ann.* § 6-902, as amended, specifies that the clerk shall mark "the date *and hour* of tender." (Emphasis supplied). See *Brantley v. Thompson,* 216 Ga. 164, supra, where the clerk entered "Tendered, September 11, 1959."

The motion to dismiss the bill of exceptions is denied.

2. Where a motion for new trial is dismissed because of failure to comply with *Code Ann.* §§ 24-3364, 70-301, and Rule 8 of the Civil Court of Fulton County, plaintiff in error admitting that no written notice of his intention to present the brief of evidence for approval was given defendant in error, and nothing appears in the record to indicate that the defendant in error received the full benefit of any of these rules or waived them (*Campbell v. Allen,* 208 Ga. 274 (1), 66 SE2d 226), this court is bound to affirm the dismissal of the motion for new trial. *King v. Skinner,* 101 Ga. App. 102 (2, 3) (112 SE2d 789).

3. Plaintiff in error also excepted to the order of the trial judge sustaining special demurrers to and striking substantive parts of his answer. Where this is the procedural posture of the case, a consideration of the brief of evidence has been held

necessary to determine whether the error was harmless since a verdict for the plaintiff might have been demanded. *Whitner v. Whitner,* 207 Ga. 97 (60 SE2d 464), modifying 80 Ga. App. 831 (57 SE2d 458), *Daniel v. Atlanta Newspapers, Inc.,* 89 Ga. App. 895 (4), 900 (81 SE2d 547) and *Georgia Machinery Co. v. Auburn Machine Works,* 103 Ga. App. 574 (120 SE2d 28) present precedents substantially on all fours.[1]  See *Gaulding v. Courts,* 90 Ga. App. 472 (3), 475 (83 SE2d 288); *Welfare Finance Co. v. Corbin,* 91 Ga. App. 485 (85 SE2d 819). Since there is no brief of the evidence here, the judgment must be

*Affirmed. Carlisle, P. J., and Russell, J., concur.*

DECIDED OCTOBER 17, 1962—
REHEARING DENIED OCTOBER 25, 1962.

*Miles B. Sams,* for plaintiff in error.
*Charles W. Bergman,* contra.

ON MOTION FOR REHEARING.

EBERHARDT, Judge.  Plaintiff in error urges that *A. H. Massey, Inc. v. Diamond Electric &c. Corp.,* 106 Ga. App. 121 (1) (126 SE2d 548) requires a result different from that reached in the second headnote. We do not agree. The record in that case discloses that the brief of the evidence was incorporated in the bill of exceptions, following which is a certificate by the trial judge, "Parties consenting, this is to certify that the foregoing is a true complete and correct brief of the evidence . . .", and following the bill of exceptions itself is an acknowledgment by counsel for the

---

[1]This result has been said to be in conflict with the remedial act of 1947 (Ga. L. 1947, p. 298; *Code Ann.* § 70-301.1) (see *Stevens v. Wright Contracting Co.,* 92 Ga. App. 373, 384-5, 88 SE2d 511) and has been uniformly criticized by writers as ignoring the purpose of the legislation.

Leverett, Hall & Christopher, Ga. Procedure & Practice, § 22-7, p. 509; Wilkerson, Some Recent Results of Legislative Changes in Appellate Procedure, 20 Ga. B. J. 38, 40 (1957); Shulman & Jackson, Practice & Procedure, 3 Mercer L. Rev. 123, 144-5 (1951); Case note, 13 Ga. B. J. 337 (1951), but we are required to follow the Supreme Court in *Whitner.*

790

defendant in error, "Due and legal service of the within and foregoing bill of exceptions is hereby acknowledged; copy received. We hereby waive notice and an opportunity to be heard on the question of whether or not the bill of exceptions as tendered is correct and complete, and we hereby approve the bill of exceptions as correct and complete as to the averment of fact therein, and we waive the requirements as set out in 1946 Laws, p. 735, provision No. 7 [*Code Ann.* § 6-908.1]."

It is thus obvious that the parties had consented that the bill of exceptions, including the brief of the evidence, be certified as correct and complete, and that counsel for the defendant in error had further expressly approved it as being so, and had expressly waived notice thereof. Any statement in the opinion to the effect that "No harm is alleged to have resulted to the defendant because of any lack of notice" is obiter. If notice has been waived it must be conclusively presumed that no harm resulted from a lack of it. Moreover, the agreement that the bill of exceptions was correct and complete was binding as to the brief of evidence contained therein.

*Motion denied. Carlisle, P. J., and Russell, J., concur.*