42291, 42292. PAYNE v. LARSEN (two cases).

FELTON, Chief Judge. 1. Even assuming that the special demurrers were neither in proper form nor meritorious, the orders sustaining them must be affirmed, since it cannot be determined whether there was harmful error in the absence of the transcripts of the evidence, which appellants designated to be omitted from the records on appeal. *Whitner v. Whitner,* 80 Ga. App. 831 (57 SE2d 458); *Whitner v. Whitner,* 207 Ga. 97, 99 (60 SE2d 464); *Daniel v. Atlanta Newspapers, Inc.,* 89 Ga. App. 895, 900 (81 SE2d 547); *Welfare Finance Co. v. Corbin,* 91 Ga. App. 485 (85 SE2d 819).

2. The verdicts and judgments, although purportedly appealed from in the notices of appeal, were not enumerated as error and are not reviewable in the absence of any transcripts of the evidence.

*Judgment of the trial court is affirmed. Frankum, J., concurs. Pannell, J., concurs specially.*

SUBMITTED SEPTEMBER 9, 1966—DECIDED OCTOBER 28, 1966—
REHEARING DENIED NOVEMBER 14, 1966.

*Ralph Spain, George A. Durden,* for appellant.

*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, George W. Hart,* for appellee.

PANNELL, Judge, concurring specially. I concur in the ruling in both divisions of the opinion, but in view of Paragraph (b) of Section 13 of the Appellate Practice Act of 1965 ((Ga. L. 1965, pp. 18, 29) as amended by Section 1 of the Act approved March 25, 1965 (Ga. L. 1965, p. 240) and as amended by Section 10 of the Act approved March 15, 1966 (Ga. L. 1966, pp. 493, 500); see *Code Ann.* § 6-809), I feel that something further should be said. This portion of Section 13 as amended is as follows: "No appeal shall be dismissed or its validity affected for any cause or consideration of any enumerated error refused, except for (1) failure to file notice of appeal within the time required as provided in this Act or within any extension of time granted hereunder; (2) where the decision of judgment is not then applicable [appealable]; or (3) where the questions presented have become moot. At any stage of the proceedings, either before or after

argument, the court shall by order, either with or without motion, provide for all necessary amendments, require the trial court to make corrections in the record or transcript or certify what transpired below which does not appear from the record on appeal, require that additional portions of the record or transcript of proceedings be sent up, or require that a complete transcript of evidence and proceedings be prepared and sent up, or take up any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it." In my opinion the legislature has no authority, once this court has jurisdiction of the appeal, to determine when or under what circumstances this court may refuse to consider an enumeration of error. It is also my opinion that the requirements relating to transcript and requiring this court to have a complete transcript sent up on appeal applies only where doing so would prevent a dismissal.